No. 16,208.

ROGERS *v.* FUNKHOUSER ET AL.
(212 P. [2d] 497)

Decided November 28, 1949.

14

[redacted]

Messrs. MOYNIHAN-HUGHES-SHERMAN, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

ROLLAND M. FUNKHOUSER, Marcella Funkhouser, Ronald R. Funkhouser, a minor, by his parent and next friend, Rolland M. Funkhouser, began an action against Verna L. Rogers, in which the latter two plaintiffs sought judgments for damages for personal injuries resulting from an automobile collision; and Rolland M. Funkhouser sought damages for personal injuries and property damage resulting from the same collision. The action was tried to a jury, which returned verdicts against defendant of $800 for Rolland M. Funkhouser, $200 for Marcella Funkhouser, and $200 for Ronald R. Funkhouser. Appropriate judgments were entered on the verdicts. Defendant brings the case here for review, seeking a reversal of the judgments.

We will herein refer to the parties by name or as they appeared in the trial court, namely as plaintiffs and defendant.

In the complaint, filed on the 2nd day of August, 1946, it is alleged: That on or about July 20, 1946, about one mile east of the city of Montrose, plaintiff Rolland M. Funkhouser was operating his automobile, in which the two other plaintiffs were passengers; that "defendant negligently drove her automobile upon the highway from the side road and/or otherwise operated her said automobile in such a negligent manner as to cause a collision between her automobile and that of the plaintiffs." It is further alleged that each of the plaintiffs suffered bodily injuries as a result of the collision, and, in addition thereto, that Rolland M. Funkhouser incurred travel and additional living expenses in the sum of $200; automobile damage in the sum of $424.52; a total amount of $1000. Marcella Funkhouser, it is alleged, suffered bodily injuries occasioning great and extreme pain of body and mind and incurred medical and hospital bills in the sum of $25, and she will be obliged to incur additional expenses, all to her damage in the sum of $1200. It is further alleged that Ronald R. Funkhouser suffered bodily injuries resulting in great pain and incurred medical expenses in the sum of $15, and he will be obliged to incur further additional medical expenses, all to his damage in the sum of $1500. Judgments for the specified amounts for damages allegedly sustained by each of the plaintiffs were sought.

In defendant's answer and counterclaim, filed August 9, 1946, she admitted the collision as alleged by plaintiffs, but specifically denied all negligence on her part, and alleged that the collision was the result of carelessness and negligence on the part of plaintiff Rolland M. Funkhouser by reason of his driving his automobile at an excessive rate of speed. She further alleged that as a result of the collision her car was damaged in the sum of $500, for which she sought judgment; further, she denies that plaintiffs, or either of them, suffered

damages, personal or otherwise, as a result of the collision.

To the counterclaim a reply was filed September 19, 1946, in which plaintiff denied each and every allegation therein contained, except certain formal statements.

On the 19th day of February, 1948, defendant filed a motion for leave to amend her answer and counterclaim by adding thereto a second defense in words and figures as follows:

"1. That on or about July 20, 1946, at Montrose, Colorado, Plaintiff, Rolland M. Funkhouser, on behalf of himself and the other persons joined as Plaintiffs herein did offer to Defendant in full compromise and settlement of all claims Plaintiffs had or claimed against Defendant arising out of said automobile collision, that if Defendant would agree to pay the amount of the repair bill of Hartman Brothers garage at Montrose, Colorado for repairs then being made to the automobile of said Plaintiff he would release and save Defendant harmless from any claim of the Plaintiffs herein arising out of said collision.

"2. That Defendant did then and there deny liability for such damages but did accept such offer and agree to pay the amount of such repair bill at Hartman Brothers garage in order to avoid the expense of litigation over such claims.

"3. That Defendant prior to the institution of this action on July 26, 1946, and subsequent thereto was ready, able and willing to perform said agreement with Rolland M. Funkhouser.

"4. That Defendant is informed and believe that the amount of said repair bill was the sum of $281.57."

One of plaintiffs' attorneys receipted for a copy of the motion for leave to amend February 18, 1949, but no ruling thereon was made by the trial court prior to the trial, which began on February 24, 1948. At the conclusion of the trial, when the parties thereto had rested, the trial judge denied defendant's motion for

leave to amend. This action of the trial judge was assigned as one of the seventeen grounds of her motion for a new trial, which the trial court overruled.

The court gave the jury twenty instructions, to seven of which objections were interposed; and counsel for defendant tendered three instructions, all of which were refused.

There are seven specifications of points presented here, in one of which defendant assigns error to the court's refusal to permit her to amend her answer and counterclaim, and in another she assigns error to the giving of an instruction, over defendant's objection, submitting the question of special damages to the jury for consideration.

1. It will be observed that in the tendered amendment to defendant's answer and counterclaim she alleged a compromise and settlement of all damages sustained by plaintiffs by reason of the automobile collision involved in this action. On the trial, when plaintiff Rolland M. Funkhouser was being questioned by his counsel on direct examination, he was asked concerning, and specifically denied, that there had been a compromise and settlement of all damages resulting from the accident, and was cross-examined with reference thereto without objection. When plaintiffs had rested and defendant had called to the witness stand the service manager of the garage to which plaintiff Rolland M. Funkhouser's car had been towed and was awaiting repairs, he was asked on direct examination about a conversation occurring between plaintiff Rolland M. Funkhouser and defendant pertaining to the alleged compromise and settlement, and after this interrogation had proceeded and witness had testified that defendant had stated to him in the presence of Rolland M. Funkhouser, "We have had a settlement and I am to pay the bill at your garage for fixing his car," that plaintiff then asked Rolland M. Funkhouser if that was o.k. or all

right. Funkhouser then assented thereto by answering, "Yes." Then the following occurred:

"Mr. Bryant: I would like to make inquiry if the defendant is asking this line of questions for the purpose of establishing compromise and satisfaction, or what is the purpose of this testimony. If it is for the purpose of showing accord and satisfaction then we are going to object to it because there is no allegation in court on accord and satisfaction, and that is not a question.

"Mr. Sherman: It is compromise and settlement.

"Mr. Bryant: We object to any testimony as to compromise and settlement, and ask that all testimony be stricken for the reason there is no allegation of compromise and settlement between the plaintiff and defendant, and it is not proper testimony or evidence to produce in this trial.

"Court: I am inclined to think the objection is good.

"Mr. Moynihan: We make the request now, under the new rules, to amend.

"Mr. Brooks: We ask that all this testimony be stricken.

"Mr. Moynihan: You can impeach a witness at any time.

"Mr. Brooks: We ask that all testimony other than impeachment testimony be stricken.

"Court: The questions and answers relative to impeachment are allowed to stay in the record. The remainder of the questions and answers I am not passing upon. I will hear counsel fully before passing on it. My present impression is it's a good objection.

"Mr. Moynihan: Save an exception."

Defendant, when called as a witness, testified, on direct and cross-examination, without objection, to a compromise and settlement made between her and plaintiff Rolland M. Funkhouser in settlement of all damages which plaintiffs had sustained by reason of the

collision and plaintiff Rolland M. ·Funkhouser's subsequent repudiation thereof.

Plaintiffs were advised six days before the trial began of the tendered amendment to the answer and counterclaim and made no objection thereto. When plaintiff Rolland M. Funkhouser was testifying as a witness in behalf of plaintiffs on cross-examination, he was questioned specifically with reference to the compromise and settlement as set forth in the amendment to the answer and counterclaim, and this without objection. This evidence as to the compromise and settlement became an issue in the case only upon the assumption that the amendment to the answer and counterclaim was a part of the pleadings in the cause.

After all of the evidence had been introduced, the following occurred:

"Mr. Moynihan: If your Honor please, sometime last week a motion was made and filed in Court on February 19th, by the defendant to amend her answer to show an agreement of compromise and settlement between the plaintiff and defendant, covering the costs incurred by the Funkhouser car at the Hartman Garage. Since that time counsel for plaintiffs ·anticipating the possible defense of the compromise settlement had the plaintiffs testify that there was no agreement of settlement of any kind, but that instead the defendant acknowledged her liability to them.

"Some ten days ago I discovered in checking up the work sheet made by Clarence Bickford, that the name had been changed from Funkhouser to Rogers on the repairs of the Funkhouser car, and that an agreement of settlement had been made in his presence as the reason prompting him to write the name of Mrs. Rogers on the Funkhouser car work sheet. The evidence of Bickford, a witness on behalf of the defendant, and Mrs. Rogers, now being in the record, consisting of evidence which we think of sufficient weight to justify

the question of compromise and settlement to be submitted to the jury for the jury's consideration.

"I now renew the motion heretofore made for right to amend the answer of defendant as set out in said written motion on file herein; and as additional reason we should now be permitted to amend the answer because the evidence introduced on behalf of the plaintiff, and on behalf of defendant now gives us a right to have our pleadings amended to conform to the state of the evidence the jury will consider.

"Court: The motion will be denied.

"Mr. Brooks: And it should be ordered that the Motion to Amend shall not be used in the argument.

"Court: It is so ordered."

Defendant tendered an instruction on the question of compromise and settlement which reads: "The Court instructs the jury that if you should find and believe from a preponderance of the evidence that the parties to this action, plaintiffs and defendant, by themselves or their duly authorized agents or attorneys, entered into a verbal agreement wherein and whereby the defendant agreed to pay and the plaintiffs agreed to accept, a certain definite consideration, or certain bills, as a full and complete compromise and settlement of damages on account of the accident involved in this action, then and in such event your verdict should be in favor of the plaintiff, Rolland M. Funkhouser, and against the defendant for the said agreed consideration with interest thereon and for costs of suit and no other or further verdict should be rendered against any of the parties to this action."

This tendered instruction was refused, and in lieu thereof the court, consistent with its ruling upon defendant's motion to amend, instructed the jury: "You are instructed that even though there has been introduced in this case certain testimony with reference to an attempted settlement and compromise between plaintiff Rolland M. Funkhouser and the defendant, you

shall not consider such testimony in arriving at the amount of damages, if any, due any of the parties to this action." The objection to this instruction given by the court was that it deprived defendant of a meritorious defense duly proven.

We have held that compromise and settlement of disputed claims are looked upon with favor in this jurisdiction and will be sustained if made where neither fraud nor duress nor any valid defense thereto is shown. *West v. Wegeforth,* 79 Colo. 444, 246 Pac. 204; *Staley v. Nazarenus,* 86 Colo. 326, 281 Pac. 358; *School District No. 1 of Denver v. Faker,* 106 Colo. 356, 105 P. (2d) 406.

Our rule 15 (a), pertaining to amended and supplemental pleadings, provides when amendments may be made as a matter of course and when by leave of court with the written consent of the adverse parties, and specifically provides, "and leave [to amend] shall be freely given when justice so requires."

Our rule 15 (b) provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. * * * If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and *shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits.*" (Italics ours)

Here the court was not called upon to determine the sufficiency of the evidence to establish a compromise and settlement. That question was not here involved; no objection was interposed challenging the sufficiency of the evidence to sustain a compromise and settlement, and we are not called upon to decide it. We do hold, however, that under the evidence here the court erred in refusing to grant leave to defendant to amend her

answer and counterclaim so as to set forth the defense of compromise and settlement.

2. Plaintiff Rolland M. Funkhouser obtained a judgment for $800. The allegations in the complaint with reference to the damages Rolland M. Funkhouser sustained by reason of the accident are specifically set forth, and therein it is stated that he, "was prevented from returning to his residence in California and transacting his business, suffered pain of body and mind, has, and will, incur travel and additional living expenses in the sum of Two Hundred Dollars ($200.00), suffered damage to his automobile in the sum of Four Hundred Twenty-four and 52/100 Dollars ($424.52), and all to the damage of said plaintiff Rolland M. Funkhouser in the amount of One Thousand Dollars ($1000.00)." There is no evidence in the record indicating any bodily injuries suffered by Rolland M. Funkhouser.

On direct examination Rolland M. Funkhouser testified that the automobile involved in the accident was a 1939 Chevrolet Club Coupe, which he operated after it was repaired in September, 1946, until he sold it in September, 1947. He then was asked, "What was the sale price that you obtained for that automobile?" To which an objection was sustained. He then was asked what was the value of the automobile after the accident and after the repairs were made, to which an objection was interposed and overruled. He thereupon answered, "The value I received was $300." He thereupon was asked: "Q. What was the value of the automobile before the accident? A. Approximately $600 to $650. Q. Do you base this value on your own knowledge? A. Not just on my knowledge but the Blue Book prices."

Plaintiff Rolland M. Funkhouser testified that he had no established real-estate business in California but was going there with the intention of establishing himself in that business, and that after the collision he purchased another automobile in Montrose and drove it to California and used it in his business during the entire

period of fifty-five days that he was deprived of the use of the car involved in the accident, and sometime thereafter he sold the newly purchased automobile for the exact amount which he had paid for it. He then was interrogated by his counsel, and testified, that by reason of the auto accident here in question he lost the use of his car from the 20th day of July to the 5th day of September, and upon being questioned as to the approximate amount per day of that loss, an objection was interposed on the ground that it was not within the pleadings and had not been claimed as part of the damages, whereupon his counsel stated that this element of damage was embraced in the general pleadings. The objection to this evidence was overruled, and the witness then testified that the value per day of the use of his automobile was ten dollars and that he had been, as he testified, deprived of its use for fifty-five days.

The allegations in the complaint pertaining to Rolland M. Funkhouser's damages have hereinbefore been set forth, and it will be noted that there was neither there nor elsewhere in the complaint any allegation of special damages.

Under our rule 9 (g) special damages must be specifically stated. This rule is not new but was in effect prior to the adoption of our code. *Herfort v. Cramer,* 7 Colo. 483, 4 Pac. 896.

Under the pleadings in the present case, so far as plaintiff Rolland M. Funkhouser was concerned, he was entitled to recover damages, if at all, because he "suffered bruises [concerning which there is no evidence] and was otherwise injured, was prevented from returning to his residence in California and transacting his business, suffered pain of body and mind, has, and will, incur travel and additional living expense in the sum of Two Hundred Dollars ($200.00), suffered damage to his automobile in the sum of Four Hundred Twenty-four and 52/100 Dollars ($424.52), and all to the damage

of said plaintiff Rolland M. Funkhouser in the amount of One Thousand Dollars ($1,000.00)."

The items enumerated entitled Rolland M. Funkhouser to recover general damages resulting to him for the specific items enumerated. The loss of the use of his automobile for fifty-five days at ten dollars per day was not enumerated as an item of damage. This was a special damage, particularly under the circumstances where, as the evidence shows, it was a 1939 Chevrolet Club Coupe and at the time of the accident was being used for the transportation of himself and family rather than for a business use. Any damages which he sustained by reason of being deprived of the use of his automobile in business were damages not necessarily resulting from defendant's wrongful act and were not implied by law. They were damages which were not the probable and necessary result of the injury of which complaint was made, and consequently are required to be stated specially in the complaint. It may be said that general damages are such as the law presumes from the alleged wrong and such as naturally and necessarily result therefrom. On the other hand special damages are such as result from the commission of the wrong but are not such as necessarily are implied by law or such that they will not be deemed to have been within the contemplation of the parties but grow out of an unusual and peculiar state of facts which may be known to one of the parties while unknown to the other.

In the instant case the court submitted the question of the damages which plaintiff Rolland M. Funkhouser sustained by reason of the business loss of his automobile for a period of fifty-five days which plaintiff himself estimated resulted in a loss to him of $550 computed at the rate of ten dollars per day. The loss of the business use of his car was not the usual and natural consequence of any wrongful act on defendant's part and therefore the damages, if any, which he sustained resulting from defendant's acts, must be specifi-

cally set forth in his complaint in order that the defendant may have notice thereof and not be taken by surprise at the time of the trial.

It was error for the court to admit evidence of this special damage to plaintiff Rolland M. Funkhouser unless the same was specially pleaded. When the objection to evidence of this nature is interposed, it should be sustained, and the court's failure in this respect was error. *Tucker v. Parks,* 7 Colo. 62, 1 Pac. 427; *City of Pueblo v. Griffin,* 10 Colo. 366, 15 Pac. 616; *Hunter v. Quaintance,* 69 Colo. 28, 168 Pac. 918; 25 C.J.S., pp. 753, et seq., §131 c, "Special Damages."

Accordingly, the judgment is reversed and the cause remanded with instructions that further proceedings, if any, shall be in harmony with the views expressed in this opinion.