Opinion by
Mr. Justice Kelley.
The plaintiffs, Frances and Sterling Sullivant, recovered a judgment against Gladys Welborn, the defendant, for damages arising out of a collision of their respective automobiles. At the commencement of the trial, Mrs. Welborn admitted liability, but the case proceeded to trial on the question of damages. She is here on writ of error asking this court to reverse the judgment and remand the cause for new trial because of errors occurring at the trial. The parties appear in the reverse order of their appearance in the trial court, but will be referred to as in the trial court or by name.
The assigned errors will be considered in the order in which they were presented in the motion for new trial.
I.
Assignment of error: “The trial court erred in admitting evidence of special damage not specifically pleaded” and (II), “ * * * in permitting plaintiffs to amend their complaint over objection of the defendant * * *.”
*38 Thé defendant relies on R.C.P; Colo. 9(g), which reads:
“When items of special damage are claimed, they shall be specifically stated,” and on Rogers v. Funkhouser, 121 Colo. 13, 212 P.2d 497.
It is true that the amended complaint of the Sullivants did not plead special damages. The record does disclose, however, that the defendant was put on notice of the claim for special damages as early as the pretrial conference. Receipts and checks evidencing payment of the services constituting the special damages as well as the names of the witnesses who were to establish the facts were listed in the pre-trial order. The court admitted the evidence and, upon motion of the plaintiffs, granted leave to amend the complaint to conform to the proof.
The practice followed by the court was in conformity with R.C.P. Colo. 15 (b), which provides that,
“When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. [Also, see balance of rule.] ”
In Funkhouser, supra, this court held that under the evidence there the trial court erred in refusing to permit the defendant to amend her complaint to conform to the evidence. Although there is language as to the special damage issue in Funkhouser favorable to the defendant, the situations there and here are so different that the statement of the law is not applicable to the fact situation in this case. Funkhouser does not support the argument of the defendant here.
We adhere to the rule announced in Foster v. Feder, 135 Colo. 585, 316 P.2d 576, wherein we stated: *39 “Wide discretion is given to the trial court under the Rules of Civil Procedure to permit amendment of the pleadings to conform with the evidence. R.C.P. 15(b). * * * ”
The court did not abuse its discretion under the facts disclosed by the record in the present case.
II.
Assignment of error: “In the course of the trial, the court erred in addressing spectators in the presence of the jury.”
This assignment of error is based upon the trial court’s efforts, during the trial, to explain to visiting student groups what this case was about and the trial procedure.
The defendant points out that “there is no record of the trial court’s remarks to any of these groups of students.” Affidavits filed by the respective counsel for the parties .disagree as to what occurred and what the court stated.
The defendant concedes that without a record of the proceedings it is difficult for us to determine whether her cause was prejudicially affected by the court’s conduct. Nevertheless, he suggests that:
“ * * * [A] trial court should confine his efforts to the conduct of the trial of the issues between the litigants * * *. The trial of a case should be conducted for the benefit of the parties litigant, rather than for the enlightenment or entertainment of the spectators. * * * ”
The responsibility on the trial court of conducting a fair trial as between the litigants is great. Unnecessary opportunities for error should be avoided. The expense of preparation by the litigants and the cost in time and money of maintaining the court system strongly suggest that litigation should be expedited to the greatest extent possible consistent with fairness to the parties. Educational programs are laudable; but they should be conducted in some manner other than that employed in this case.
In view of the state of the record, however, we *40 are unable to say that the defendant was prejudiced by the alleged conduct of the court. We hold that there was no reversible error.
III.
Assignment of error: “Following the closing argument for defendant, the court erred in making a statement to the jury.”
During his summation to the jury, counsel for the defendant concluded his remarks with the following: “ * * * [H]er situation is simply this, she is not asking you to be unfair with Mr. and Mrs. Sullivant, * * *; she doesn’t ask you to cheat them out of one penny. * * * She doesn’t want you to cheat her out of any money either. * * * ” (Emphasis added.)
The plaintiffs in chambers, at the conclusion of argument, objected to the use of the term “cheat.” Whereupon the court, upon returning to the courtroom, orally stated to the jury:
“Mr. Burnett used the word ‘cheat’ in his summation. As I said to you, the statements of counsel are not evidence, and they are not evidence. This forum is not a tribunal where the word ‘cheat’ has any place. Nobody is trying to cheat anybody, or they wouldn’t be here. So, I ask you disregard the statement concerning the word cheat that was used by Mr. Burnett. We are here seeking justice.”
The defendant made no objection to the court’s statement at the time it was made. The alleged prejudicial nature of the statement was first called to the court’s attention in her motion for new trial. This court, with but few exceptions, does not consider alleged errors where the record discloses no contemporaneous objection to the action on which the alleged error is based. This is so because, in the normal situation, whatever prejudice may have been created can be erased by prompt corrective action on the part of the court. It should be given this opportunity. Too, the offended party cannot take a chance on the outcome and then, if *41 dissatisfied, raise the matter for the purpose of obtaining a second opportunity to improve the result. Blain v. Yockey, 117 Colo. 29, 184 P.2d 1015.
IV.
Assignment of error: “After instructions had been read, and closing arguments completed, the court erred in making a further statement to the jury.”
The “further statement” referred to in her assignment of error was an oral instruction relating to a sealed verdict. The parties had stipulated that the court could instruct the jury on a sealed verdict and the court had given such an instruction. The challenged remarks, in a sense, amplified the instruction.
Counsel for defendant, although present in the courtroom at the time, did not object, but raised the issue in her motion for new trial. This was too late for the reasons outlined in III above.
The judgment is affirmed.
Mr. Chief Justice Moore and Mr. Justice Pringle concur.