494 P.2d 85 (1972)
The BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY, Colorado, et al., Plaintiff in Error,
v.
Loren W. SIMMONS et al., Defendants In Error.
No. 24708.
Supreme Court of Colorado, En Banc.
February 28, 1972.
*86 Leonard R. Liss, Golden, for plaintiffs in error.
Galligan & Foley, Richard B. Foley, Denver, for defendants in error.
DAY, Justice.
This writ of error is directed to a judgment of the district court of Jefferson County which set aside an order of the Board of County Commissionersreferred to herein as the Boarddenying a change of zoning from Residential-Two (R-2) to Residential-Trailer (R-T). The parties who sought to have their property rezoned will be referred to as landowners.
The landowners instituted suit in the district court by filing a complaint which contained two claims for relief. The first claim sought review of the Board's action by certiorari on the ground that the decision was arbitrary and capricious. A declaratory judgment that the R-2 zoning resulted in an unconstitutional and confiscatory taking of the landowners' property without due process of law was also sought. In the certiorari proceedings the trial court was confined to a review of the record of the hearings before the Board. The constitutional questions raised in the declaratory judgment portion of the case necessitated the taking of evidence by the trial court. On both claims the district court found in favor of the landowners.
The record of the proceedings before the Board discloses that the subject property is a vacant parcel, approximately thirty-four acres in size. It is located south of the City of Golden, near the junction of Highways 6 and 40. Immediately adjacent to the property on the west and on the south is a mobile home park occupying approximately twenty-five acres and existing as a nonconforming use. With the exception of an isolated group of one-story multiple dwellings in a R-3 zone about a block north of the property, the area is zoned R-2. The record reflects that to the east the land is also zoned R-2; however, this land is primarily vacant. There are a few modest residences and miscellaneous out-buildings in the area.
The zoning which presently exists in the general area was implemented in accordance with a Comprehensive Plan in 1961. During the period that the present zoning has been in effect, there has been limited construction of permanent housing in the area. The record also discloses that although there has been a significant increase in the number and size of mobile home parks within the general locale, the area as a whole has remained primarily undeveloped.
The evidence which was produced in the trial in the district court showed that the property in issue is located adjacent to properties that are being used for purposes inconsistent with one and two-family development. The suitability of the property for residential development under R-2 zoning was also shown to be diminished by the existence of a deep and wide gully extending across the property in an easterly *87 direction from the northwest corner of the property. Testimony established that the location and terrain of the property would cause lending institutions to refuse to make loans for residential development of the property. The record discloses that a local lending institution which had financed residential construction in the general area would not provide mortgage money for development of the subject property under the R-2 zoning. The landowners also proved that F.H.A. financing is unavailable for single or double-family residential development in the area in question. The property as presently zoned, according to the testimony of the landowners, has been offered for sale to various prospective purchasers and developers, and no interest in its purchase has been shown.
The assignments of error present two specific questions for determination.

I.
The first question is: Did the trial court err in finding that the Board of County Commissioners was arbitrary and capricious? We answer that question in the affirmative.
In order for a court to set aside a decision of an administrative body on the ground that it is arbitrary and capricious, the court must find that the decision is unsupported by any competent evidence. Marker v. City of Colorado Springs, 138 Colo. 485, 336 P.2d 305 (1959). Stated another way, courts should not interfere with decisions of zoning authorities unless the record shows a clear abuse of discretion. Board of Adjustment v. Handley, 105 Colo. 180, 95 P.2d 823 (1939); see Johnson v. Board of County Commissioners, 158 Colo. 311, 406 P.2d 338 (1965). In this case, the question of whether the character of the neighborhood had changed sufficiently to justify a change in zoning was fairly debatable. The zoning decision of the Board of County Commissioners was supported by some competent evidence, and the certiorari record did not show a clear abuse of discretion.

II.
The second question is: Did the trial court err in finding that the R-2 zoning ordinance was unconstitutional as applied to the landowners' property? This question is also answered in the affirmative.
Zoning ordinances, like other legislative enactments, are presumed to be valid, and anyone alleging the invalidity of a zoning ordinance has the burden of proving it beyond a reasonable doubt. Bird v. City of Colorado Springs, Colo., 489 P.2d 324 (1971); Baum v. City and County of Denver, 147 Colo. 104, 363 P.2d 688 (1961). The burden was not met in this case, for, as noted above, the contentions regarding the Board's action were fairly debatable. Additionally, there are two categories of zoning districts between R-2 and R-T: R-3, which permits multiple family dwellings and any other use allowed in R-2; and R-3A, which permits homes for the aged, nursing homes, multiple-family dwellings, and any other use allowed in R-1B (which includes one-family dwellings, private garages, private kennels, church or parish houses, schools, libraries, parks and similar uses). There was no proof that the property was not suitable for any use under intermediate zoning categories. Such proof must be had as a pre-requisite to a determination that the property was being unconstitutionally confiscated. Garrett v. Littleton, announced January 31, 1972, Colo., 493 P.2d 370.
The judgment is reversed, and cause remanded with directions to dismiss the complaint.
ERICKSON, J., dissenting.
ERICKSON, Justice (dissenting).
I respectfully dissent.
This dissent is directed to the determination that the trial court erred in concluding the R-2 zoning ordinance was unconstitutional as applied to the landowners' property. The constitutional questions, to which this dissent is directed, were not in issue in the hearing before the County Commissioners. *88 The complaint in the district court contained two claims. In my opinion, the majority opinion has caused an analysis of the certiorari claim to dominate and determine the declaratory judgment claim.
For a landowner to prove that a zoning ordinance is unconstitutional as applied to his property, he must show either that the zoning ordinance is not substantially related to the public health, safety, or welfare, or that the zoning ordinance precludes the use of his property for any purpose to which it can be reasonably adapted. Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926); Huneke v. Glaspy, 155 Colo. 593, 396 P.2d 453 (1964); Baum v. City and County of Denver, 147 Colo. 104, 363 P.2d 688 (1961); City of Englewood v. Apostolic Christian Church, 146 Colo. 374, 362 P.2d 172 (1961).
Although these two tests of constitutionality are well established, neither test was looked to in the majority opinion. Instead, the Court relied upon two new tests of its own. First, the Court suggested that if the decision of a zoning authority is not arbitrary and capricious, then the zoning ordinance must be upheld as constitutional. As a second basis for upholding the constitutionality of the ordinance, the Court stated that there was no proof that the property was not suitable for any use under intermediate zoning categories. This approach clearly sidesteps the constitutional issue and, in effect, deprives an aggrieved party of standing to challenge an ordinance that is clearly confiscatory.
In my view, the determination of whether a zoning ordinance is constitutional is separate and distinct from the issue of whether a zoning authority acted arbitrarily and capriciously in denying a request for a zoning change. Each question involves different legal and factual considerations. For example, in this case, the Board of County Commissioners' decision to deny the requested change in zoning was based upon the determination of two questions: (1) whether there was a change in circumstances which would justify a change in zoning; and (2) whether the requested change in zoning fosters the health, safety, and welfare of the community. The issues framed in the district court by the landowners' claim for declaratory judgment challenged the constitutionality of the zoning ordinance and raised the additional question of whether the landowners were deprived of any reasonable use of their property by the zoning ordinance.
Since the constitutionality of a zoning ordinance is a judicial question, the court properly considered the merits of the landowners' claim of unconstitutionality. Di-Salle v. Giggal, 128 Colo. 208, 261 P.2d 499 (1953); see City of Englewood v. Apostolic Christian Church, supra; Horwitz v. Town of Waterford, 151 Conn. 320, 197 A.2d 636 (1964); McQuail v. Shell Oil Co., 40 Del.Ch. 396, 183 A.2d 572 (1962); Hartung v. Village of Skokie, 22 Ill.2d 485, 177 N.E.2d 328 (1961); Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364 (1941). Upon finding that the landowners were deprived of any reasonable use of their property by the zoning ordinance, the district court, in accordance with established legal principles, concluded that the ordinance as applied to the property in question was unconstitutional.
The conclusion that a zoning ordinance is unconstitutional does not require that this Court, or any other court, sit as a super zoning commission and implement the zoning requested by the landowner. In many cases, the zoning sought by the landowner may be appropriate, but the determination of that zoning which would best promote the public health, safety, and welfare, and the adoption of an ordinance implementing such zoning remains a legislative function. See 1967 Perm.Supp., C.R.S.1963, 106-2-14; C.R.S.1963, 106-2-15.
Accordingly, the Court should have remanded this case to the district court with directions to vacate the order granting Residential-Trailer (R-T) zoning. The district court should then have been directed *89 to remand the case to the Board of County Commissioners, so that the Board could rezone the property in accordance with constitutional and statutory requirements.