517 P.2d 873 (1974)
RODO LAND, INC., a Colorado corporation, Plaintiff-Appellee,
v.
BOARD OF COUNTY COMMISSIONERS, BOULDER COUNTY, State of Colorado, Defendant-Appellant.
No. 73-202. (Supreme Court No. 25948.)
Colorado Court of Appeals, Div. II.
January 2, 1974.
*874 Gaspar F. Perricone, Denver, for plaintiff-appellee.
James G. Martin, Boulder, for defendant-appellant.
Not Selected for Official Publication.
ENOCH, Judge.
This case was transferred from the Supreme Court pursuant to statute.
The Board of County Commissioners of Boulder County appeals from a judgment holding that the Board acted arbitrarily and capriciously in denying an application for rezoning filed by Rodo Land, Inc. We reverse.
Rodo Land requested a change in the zoning classification of 30 acres of land near Niwot, Colorado, from Rural Residential (RR) to Multiple Family Suburban (MFS), and simultaneously sought approval of a site plan for a mobile home park to be built if the zoning change were granted. After staff review and a public hearing, the Boulder County Planning Commission recommended approval of the proposed development. The Board of County Commissioners subsequently held a public hearing at which many townspeople expressed their opposition to the project. The Board voted unanimously to deny the request for rezoning, stating that:
"It was the obligation of the Board to respect the opinions of the public, that the rural residential environment of Niwot should not be impaired or destroyed; that the police and fire protection should not be jeopardized, that the character of Niwot has not changed sufficiently to warrant rezoning and the density should be allowed to remain as is; that shortrun solutions are not a part of orderly growth."
Rodo sought review in the district court under C.R.C.P. 106(a)(4). Rodo's motion to amend its complaint to assert certain constitutional issues was denied with leave to renew the motion subsequent to disposition of the issues raised by the original complaint. The court held that there was no evidence to support the findings of the Board, and that therefore the Board had acted arbitrarily and capriciously in denying Rodo's application, and ordered the Board to grant the application.
It is well established in Colorado that "courts should not interfere with decisions of zoning authorities unless the record shows a clear abuse of discretion." Board of County Commissioners v. Simmons, Colo., 494 P.2d 85; Board of Adjustment v. Handley, 105 Colo. 180, 95 P. 2d 823. The Board of County Commissioners may exercise broad discretion in achieving the objectives enumerated by the legislature, and these objectives include preventing overcrowding of land and avoiding undue concentration of population. See 1967 Perm.Supp., C.R.S.1963, 106-2-10. The speed and character of the development of a community as a whole must be carefully considered. Denial of an individual application for rezoning is frequently necessary to insure an orderly pattern of growth in the entire community.
In the case at hand, the question of whether Rodo's proposed development is consistent with good planning for the growth of the community of Niwot and whether the particular site is an appropriate place for such development are fairly debatable. The Board must weigh the alleged need for rezoning against the desirability of maintaining "stability in zoning and resulting conservation of property values based upon existing zoning regulations. . . ." Nopro Co. v. Cherry Hills Village, Colo., 504 P.2d 344. We find no evidence in the record that the Board abused its discretion in denying Rodo's application.
The judgment of the district court is reversed; however, since Rodo was not given the opportunity to argue constitutional issues, the cause is remanded for further consideration of the motion of Rodo Land, Inc., to file an amended complaint limited to the constitutional issues not determined by the trial court.
COYTE and PIERCE, JJ., concur.