John I. ROYAL, Plaintiff-Appellee,

v.

The COLORADO STATE PERSONNEL BOARD, and the Department of Institutions, Division of Developmental Disabilities, Defendants-Appellants.

No. 81CA0813.

Colorado Court of Appeals, Div. III.

May 3, 1984.

Rehearing Denied May 31, 1984.

Certiorari Granted Nov. 5, 1984.

Feder, Morris & Tamblyn, P.C., Harold Feder, Stephen B. Schuyler, Denver, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for defendants-appellants.

VAN CISE, Judge.

Defendants, Colorado State Personnel Board (Board) and the Division of Developmental Disabilities (Division) of the Department of Institutions (Department), appeal from a judgment of the district court setting aside an order of the Board and remanding the cause to it with directions to "reconstitute" the hearing procedures and reinstate the termination of employment appeal of plaintiff, John I. Royal. We reverse.

Royal, an accountant IV, step 7, for the Division, was terminated from his position on May 23, 1977. He appealed to the Board, and a hearing on the merits was conducted in May 1978 before a hearing officer. The parties reached a settlement during the hearing.

The settlement, dictated into the record by Royal's counsel, provided that Royal was to be reinstated with back pay and benefits to his former position with the Division, effective as of the date of his original termination in 1977. His position was then to be abolished as of the settlement date, May 16, 1978, and he would be given 30 days of paid administrative leave to find new employment. If he could not find new employment, he was to be placed on the statewide general reemployment list. However, Royal, who had been embroiled in a bitter dispute with the Department, was not to take reemployment at any level with the Department. Royal's personnel folder was to be expunged of all matters relating to his termination, including termination documents, unsatisfactory performance reports, etc.

Royal agreed to dismiss his civil rights claims filed with the state and federal governments and his pending civil action in the Denver district court against the Board and the Civil Rights Commission. He also agreed to waive, release, and relinquish all claims against anyone in the Department relating to the circumstances which had occurred to Royal in 1976, 1977, and 1978.

Royal's counsel and the hearing officer both specifically questioned the parties regarding their understanding of the terms of the agreement and their assent thereto. Receiving answers in the affirmative, the hearing officer accepted the agreement and closed the hearing.

In the period following the settlement date, the Department attempted to comply with its obligations under the agreement. A state warrant for his monetary entitlements was executed and forwarded to Royal. The position was abolished by the Department, and Royal was afforded 30 days paid administrative leave to seek new employment. Upon Royal's failure to obtain new employment within the 30 days following May 16, his name was entered on the reemployment lists for accountant IV. His personnel folder was expunged as agreed.

However, Royal did not dismiss his civil rights claims or his civil action, nor did he waive, release, or relinquish any claims against the Department or its personnel. Instead, he filed a motion with the hearing

officer to set aside the agreement, alleging that the stipulation entered into the record was incomplete, that it contained mutual mistakes of law, and that it was not in compliance with certain rules and regulations of the Board pertaining to "bumping rights." The motion was denied following argument, and a memorandum order was entered by the hearing officer declaring the stipulation to be valid and enforceable.

Royal appealed to the Board, alleging that the order was arbitrary, capricious, and an abuse of discretion. The Board affirmed the order following a hearing. Royal then sought review in the district court pursuant to § 24-4-106, C.R.S. (1982 Repl.Vol. 10).

In July 1981 the matter was presented based on the record and transcripts of the agency hearings and on the applicable rules and regulations of the Board. There was no oral testimony. After hearing oral arguments, the district court refused to enforce the stipulation, holding that there had not been a meeting of the minds sufficient to form a contract between the parties. It remanded the matter back to the Board with directions to "reconstitute" the hearing procedures. This appeal followed.

As determined by this court in a previous appeal in this case, *Royal v. Colorado State Personnel Board* (Colo.App. No. 80CA0446, October 2, 1980) (not selected for publication), the sole issue which could be brought before the district court was the enforceability of the stipulation. And, that is the only issue on this appeal.

■ In this case the district court's determination was based on the agency record—documentary evidence only. Therefore, we are not bound by any of the district court's findings, and can draw our own conclusions from the same record. *Colorado River Water Conservation District v. Municipal Subdistrict*, 198 Colo. 352, 610 P.2d 81 (1979).

The terms of the stipulation as dictated into the record by Royal's counsel are clear and unambiguous. Upon the abolition of his position, the layoff rules applied. *See*

Colorado State Personnel System Rules & Regulations, (Rules) Article II, 9-3-1 (February 1, 1976). Royal had 30 days with pay within which to attempt to obtain employment anywhere except within his own principal department (the Department of Institutions). This by rule included bumping rights. *See* Rules 9-4-1, et seq., and 9-6-1, et seq. If he did not secure employment within that time, he would be placed on the general reemployment list. There is no provision in the Rules for paying persons on the reemployment list. *See* Rules 9-6-1, 4-5-1, 3-3-4, and 1-1-1(z).

■ What Royal may have understood or contemplated is not relevant. A unilateral mistake or mistake of law, if any, is not a ground for setting aside an agreement. *In re Marriage of Manzo*, 659 P.2d 669 (Colo.1983); *Kuper v. Scroggins*, 127 Colo. 416, 257 P.2d 412 (1983). And, there is nothing to indicate that there was any mutual mistake here.

■ In view of the unequivocal affirmative answers he made to his counsel and to the hearing officer at the time the stipulation was being dictated into the record, it appears that what really happened was that Royal changed his mind after he initially agreed to the terms thereof. But, later dissatisfaction with the terms of a stipulated compromise agreement is not sufficient grounds to set it aside. *Eisenson v. Eisenson*, 158 Colo. 394, 407 P.2d 20 (1965); *Rogers v. Funkhouser*, 121 Colo. 13, 212 P.2d 497 (1949). The agreement is enforceable in accordance with the terms as dictated. *See Christmas v. Cooley*, 158 Colo. 297, 406 P.2d 333 (1965).

■ The Board's action was supported by competent evidence, and there was no abuse of discretion in its affirming the hearing officer's order enforcing the stipulated agreement and compromise between the parties. *See Board of County Commissioners v. Simmons*, 177 Colo. 347, 494 P.2d 85 (1972).

The district court's judgment is reversed and the cause is remanded to that court with directions to dismiss Royal's appeal.

METZGER, J., concurs.

STERNBERG, J., dissents.

STERNBERG, Judge, dissenting.

I respectfully dissent.

The majority opinion treats and disposes of the case as one involving a unilateral mistake, *i.e.,* a mistake of law or fact by Royal. If that were the case, their inference that Royal changed his mind and should not be allowed to set aside the agreement would be correct.

I, as did the district court, view the situation as one in which the parties did not reach a meeting of the minds on the question of continuity of employment.

Royal understood the agreement would provide for continuity of employment with the State of Colorado, albeit outside the Department. Indeed, the Division Personnel Administrator for the Department of Institutions admitted during consideration of Royal's appeal before the Board that the intent of the agreement was "to put Mr. Royal back into the system ... but not with the Department of Institutions."

In this regard, Royal contemplated that the agreement would contain provisions for lay off procedures in accordance with the rules of the state personnel system. *See* Colorado State Personnel System Rules and Regulations Article II, 9–3–1(a); Article II, 9–2–4; Article IV, 9–4–1(A–F); and Article VI, 9–6–2. During proceedings before the hearing officer, the Division Personnel Administrator confirmed that the lay off rules would be applied and that the agreement, to the best of his knowledge, was "in accordance with the Rules and Regulations of the State Personnel System."

Accordingly, Royal contends that he understood the agreement to provide for retention rights which permit a certified employee to "bump" a noncertified employee in another department, *see* Rules, Article II, 9–2–4, and which provide continuity of employment for salary, seniority and leave purposes. *See* Rules, Article VI, 9–6–2. Indeed, the Division Personnel Administra-tor testified at the proceedings before the hearing officer that he had attempted to illustrate the problem at the time the stipulation was read into the record, but had been interrupted. He indicated that continuity of employment was contemplated, but he was not certain how to get Royal back into the system. The Board, on the other hand, argues that the agreement was simply to put Royal on the reemployment list, which would provide him with the opportunity to fill vacant positions with the State.

It is true that the phrase "to put Mr. Royal back into the system" could mean that Royal was to be given the *opportunity* to become reemployed with the State at some point. However, it is precisely this ambiguity which illustrates that the parties were never in agreement on what is admittedly the crucial element of the agreement —Royal's continuity of employment with the State. Royal thought the agreement was to provide him with retention rights; the Board did not.

The Board contends that Royal, via the stipulation, effectively waived the right normally afforded state employees. However, as the district court noted, it could not be given effect because there was no meeting of the minds regarding Royal's continuity of employment. There being no agreement as to an essential term of the stipulation, no binding contract resulted. *Federal Lumber Co. v. Wheeler,* 643 P.2d 31 (Colo.1981). It is significant to me that Royal neither cashed the warrant issued to him by the state, nor signed the stipulation when it was reduced to writing.

Therefore, I agree with the district court that the stipulation should not be enforced and that the appropriate course of action is to remand the matter back to the agency for rehearing.