SOUTH WASHINGTON ASSOCIATES,
a Washington general partnership,
Plaintiff–Appellant,

v.

Timothy J. FLANAGAN, Cynthia L. Reed,
Sanford F. Myers, Daniel M. Fowler,
and Thomas A. Wilbanks, Defendants–
Appellees.

David J. OLIVET, Timothy J. Flanagan,
Cynthia L. Reed, Sanford F. Myers,
Daniel M. Fowler, and Thomas A. Wil-
banks, Third–Party Plaintiffs and
Cross–Appellants,

v.

Harry J. BEDROSSIAN, Geraldine Bed-
rossian, Robert W. Dickson, Jeanne K.
Dickson, David M. Hall, William K.
Hyatt, John S. Holzemer, Jan W. Jans-
sen, Dianne L. Janssen, Tommy J. Shel-
ton, C. Edward Springman, Gay S.
Springman, and George P. Themann,
Third–Party Defendants and Cross–Ap-
pellees.

No. 91CA0449.

Colorado Court of Appeals,
Div. III.

Oct. 22, 1992.

As Modified on Denial of Rehearing
Jan. 28, 1993.

Certiorari Denied Sept. 27, 1993.

Sherman & Howard, Kenneth B. Siegel, Sean C. Lindsay, Denver, for plaintiff-appellant, and third-party defendants and cross-appellees.

Timothy J. Flanagan, pro se.

Holland & Hart, Peter C. Houtsma, Denver, for defendants-appellees Cynthia L. Reed, Sanford F. Myers and Thomas A. Wilbanks and third-party plaintiffs and cross-appellants David J. Olivet, Cynthia L. Reed, Sanford F. Myers, and Thomas A. Wilbanks.

Daniel M. Fowler, pro se.

Opinion by Judge SMITH.

In this action to recover a deficiency judgment on a promissory note subsequent to foreclosure, plaintiff, South Washington Associates, a Washington partnership, appeals a judgment entered by the trial court which confirmed an award by a three-member arbitration panel provided by the American Arbitration Association dismissing all claims of personal liability on the note against defendants, Timothy J. Flanagan, Cynthia L. Reed, Sanford F. Myers, and Thomas A. Wilbanks (new investors). New investors cross-appeal the trial court's ruling dismissing their affirmative defense that the foreclosure sale was commercially unreasonable, dismissing their third-party complaint and counterclaim against plaintiff for fraud and negligent misrepresentation, and denying their request for costs relative to the arbitration. We affirm except as to the latter issue and as to that issue we set aside the order and remand with directions.

This action involves the purchase and sale of a 70–unit apartment complex (property) owned by plaintiff, the Washington partnership, and sold to South Washington Partnership, the Colorado partnership, (Partnership), comprised of a number of individuals including the new investors and various others who are not parties to this lawsuit.

Following the Partnership's default on the promissory note executed in connection with the purchase and sale, plaintiff foreclosed on the property. The foreclosure sale resulted in a deficiency of $1.2 million, and plaintiff commenced this action to collect that deficiency, plus interest and attorney fees, from all defendants, including the new investors.

All defendants denied liability on the note and asserted the defenses and counterclaims set forth above. Plaintiff then moved for summary judgment on defendants' claims and defenses. This motion was granted in part on February 1, 1990.

Shortly before trial, the parties entered into a stipulation for arbitration. The stipulation, which was approved by the court, contained the following provisions that are relevant here:

1. The scope of the arbitration will be to determine the amount, if any, defendants owe on plaintiff's deficiency claim.

. . . .

11. The Uniform Arbitration Act [§ 13–22–201, et seq., C.R.S. (1987 Repl.Vol. 6A)] shall apply for the purpose of the confirmation of the arbitrators' award. The parties further agree that for the purpose of any appeal to the Colorado Court of Appeals or the Colorado Supreme Court the arbitrators' award shall be reviewed using the same standard as findings of fact and the conclusions of law by a Colorado District Court.

Pursuant to the stipulation, the matter was tried before the Panel, and following the conclusion of plaintiff's presentation of evidence, it heard arguments on the opposing parties' motions to dismiss, and adjourned. A number of months later, the Panel issued its findings of fact, conclusions of law, and award, which, among others things, dismissed all personal liability claims against the new investors.

The trial court, based on a stipulation of the parties, subsequently entered an order confirming the Panel's award and entered judgment thereon. Final judgment pursuant to C.R.C.P. 54(b) followed.

On the basis of the above-quoted paragraph of the parties' arbitration agreement that this court would be empowered to review the Panel's award under the same standards that apply to review of trial court decisions, plaintiff initiated this appeal, asserting a number of procedural and substantive errors in the Panel's award.

I.

As a preliminary matter, the new investors contend that the Uniform Arbitration Act, § 13–22–201, et seq., C.R.S. (1987 Repl.Vol. 6A), precludes our review of the numerous errors raised by plaintiff in its appeal. We agree.

A.

Initially, the new investors argue that the above-quoted paragraph of the parties' agreement which purports to confer power on this court to review the substance of Panel's award is, despite the parties' mutual assent, void and unenforceable. Because the agreement attempts to confer jurisdiction where this court has none, we agree.

Section 13–4–102, C.R.S. (1987 Repl.Vol. 6A) defines the jurisdiction of this court. It provides in pertinent part:

Any provision of the law to the contrary notwithstanding, the court of appeals shall have initial jurisdiction over appeals from *final judgments* of the district courts, probate court of the city and county of Denver, and the juvenile court of the city and county of Denver. . . . (emphasis supplied)

In short, this statute, which created this court and defines its jurisdiction, limits our authority by providing that we may, in

cases such as the one before us, review only final judgments of selected courts of record.

The "award" of a panel of arbitrators, such as the one at issue in plaintiff's appeal, is not such a "final judgment." Final judgment here was the stipulated order and judgment confirming the arbitration award pursuant to the Uniform Arbitration Act.

Thus, our review is limited to the order and judgment confirming the award and the standard of review is whether the trial court properly applied and followed the standards for confirmation prescribed by the arbitration statute. Further, it necessarily follows that this court may not review the substance or the procedure underlying the arbitration panel's award, except insofar as the same was reviewed by the trial court.

Plaintiff argues that any reliance on § 13–4–102 would ignore the fact that arbitration is contractual in nature and, thus, affords the parties the "right" to retain control over the arbitration process by the language of their agreement.

■ We do not disagree with the general philosophy behind plaintiff's assertion. Arbitration is, essentially, a private means of dispute resolution wherein the parties have freedom to structure both the boundaries of the arbitration award and the procedures under which the arbitrator will arrive at his decision. *See Container Technology Corp. v. J. Gadsden Pty., Ltd.,* 781 P.2d 119 (Colo.App.1989); *see also* McConnell, *Enforcement of Arbitration Awards in Colorado,* 14 Colo.Law. 535 (April 1985).

■ Here, however, the parties, through their agreement, are attempting, not to control the limits of the arbitration award or the arbitration process itself, but rather, they are seeking to define and prescribe the powers of a court of law. This they cannot do. *See Jaffa v. Shacket,* 114 Mich. App. 626, 319 N.W.2d 604 (1982). Under Colo. Const. art. VI, § 1 and § 2, the authority to determine the jurisdiction of this court is vested exclusively in the General Assembly. *Bill Dreiling Motor Co. v.*

*Court of Appeals,* 171 Colo. 448, 468 P.2d 37 (1970).

In light of the foregoing, we conclude that, despite the parties' mutual assent, that aspect of the arbitration agreement "empowering" the appellate court to conduct a substantive review of the Panel's award is void and unenforceable.

■ If this is so, plaintiff argues, then its consent to submit the issue of the deficiency to arbitration is, likewise, invalid. We disagree. Since the invalidity of that portion of the arbitration agreement relative to judicial review is governed by the arbitration statute itself, any mistaken belief by the parties that they could, by contract, define the power of the reviewing court is a mistake of law not one of fact. A mistake of law is generally not a ground for setting aside or reforming a contract. *Royal v. Colorado State Personnel Board,* 690 P.2d 253 (Colo.App.1984). *See Denver Union Stock Yard Co. v. Brotherhood of Railway & Steamship Clerks, Freight Handlers, Express & Station Employees,* 48 F.Supp. 308 (D.Colo.1942). That rule is particularly applicable here, where that portion of the arbitration agreement concerning the standard of appellate review is severable and does not, in any way, affect the primary purpose or *object* of the agreement, which was, to submit the issue of the deficiency to arbitration pursuant to the act. *See generally Chrisman v. Superior Court,* 236 Cal.Rptr. 703, 191 Cal.App.3d 1465 (1987).

## B.

The new investors argue that the proper scope of appellate review under the circumstances here is strictly limited to a determination of whether the trial court erred, as a matter of law, in confirming the Panel's award. We agree.

The touchstone for our analysis is the balance of the above quoted provision of the arbitration agreement specifying that the Uniform Arbitration Act "shall apply" relative to "the confirmation of the arbitrators' award."

■ The effect of this provision, we conclude, is several-fold. First, it limits the scope of the trial court's review of the Panel's award to those standards set forth in the Uniform Arbitration Act. That act, in §§ 13–22–214 and 13–22–215, C.R.S. (1987 Repl.Vol. 6A), directs the trial court to confirm the award absent a motion, timely filed, urging that the award be vacated, modified, or corrected on the grounds of fraud, evident partiality or excess of authority on the part of the arbitrator, misconduct in the arbitration hearing substantially prejudicing the rights of the party, or evident error or imperfection in the award. *See State Farm Mutual Automobile Insurance Co. v. Cabs, Inc.,* 751 P.2d 61 (Colo.1988); *Judd Construction Co. v. Evans Joint Venture,* 642 P.2d 922 (Colo.1982). Second, as discussed above, the initial sentence of paragraph 11, of necessity, limits *our* review, to those issues decided by the trial court under the Uniform Arbitration Act. *See* § 13–22–221(1)(c), C.R.S. (1987 Repl.Vol. 6A).

Inasmuch as the record reveals that the trial court's decision was an order and judgment confirming the award of the Panel, our review, in the instant case, must inevitably and exclusively focus on the propriety of this confirmation.

### C.

■ The new investors assert, as a final matter, that the trial court's order and entry of judgment confirming the award was proper under the standard of review we have here adopted. Again, we agree.

The record discloses that the parties stipulated to confirmation of the Panel's award and entry of judgment thereon. In doing so, the plaintiff effectively waived its right to assert before the trial court any of the statutory grounds set forth in §§ 13–22–214 and 13–22–215 for vacating, modifying, or correcting the Panel's award. Accordingly, in accordance with § 13–22–213, C.R.S. (1987 Repl.Vol. 6A), the trial court had no basis to deny confirmation and properly entered such an order and judgment.

■ In sum, the parties' agreement to confer authority on this court to review, on a substantive basis, the award of the Panel was void and unenforceable. Our authority, by statute, is limited to a review of the final judgment of the trial court, which here is the order confirming the award of the Panel. And, inasmuch as final judgment was entered pursuant to the parties' stipulation, we perceive no error in the trial court's order of confirmation and entry of judgment thereon.

### II.

■ On cross-appeal, new investors Flanagan and Fowler first contend that the trial court erred in its dismissal of their counterclaims and third-party complaint for fraud, negligent misrepresentation, and promissory estoppel. We disagree.

The thrust of their argument is that the Panel's finding and conclusion of fraudulent inducement constituted a prima facie showing of the above claims.

The dispositive issue, however, is that of damages. The trial court found that the new investors had failed to allege or to identify in their oral argument any specific damages they would be entitled to recover as a result of misrepresentation relative to their personal liability on the note. They failed to establish any "causal link" between the loss of their capital contributions and down-payments and alleged personal liability misrepresentation.

Hence, the trial court did not err in dismissing these new investors' tort claims.

### III.

Given our disposition under Part I of this opinion, we conclude it is unnecessary for us to address the new investors' remaining contention regarding the foreclosure sale.

### IV.

New investor Flanagan next contends on cross-appeal that the trial court erred in denying his award of the costs related to arbitration. Inasmuch as the parties' stipulation for arbitration provided that the

costs for arbitration be awarded to the prevailing party, we agree.

The order confirming the Panel's award dismissing all claims against defendants for personal liability on the promissory note is affirmed, as is the order dismissing defendants' counterclaims and third-party complaint for false representation, negligent misrepresentation, and estoppel. The order denying the request for costs associated with arbitration is set aside, and the cause is remanded for a determination of these costs consistent with the views expressed in this opinion.

CRISWELL and ROTHENBERG, JJ., concur.