5 F.3d 546
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Said M. KARARA, Plaintiff-Appellant,
v.
UNIVERSITY OF DENVER, Colorado Seminary; Dwight Smith,
individually and as chancellor of the University of Denver;
Allan O. Pfnister, individually and as professor of
education, and as vice chancellor of the University of
Denver; James R. Davis, individually and as professor of
education, and director of the School of Education at the
University of Denver; Mary W. Kime, individually and as
dean of the Graduate School of Arts and Sciences, and as
Chairperson of the Graduate Council of the University of
Denver, Defendants-Appellees.
 No. 93-1087.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 23, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Said M. Karara appeals the denial of his pro se Motion for the Vacation of an Order of Dismissal (referred to herein as the "motion to vacate"), predicated on Fed.R.Civ.P. 60(b)(1) (mistake).[2] We exercise jurisdiction under 28 U.S.C. 1291, and affirm.
 
 I.
 
 3
 On April 1, 1987, Mr. Karara filed a suit in federal district court (an Amended Complaint was filed by Mr. Karara on August 17, 1987) against the University of Denver and various teachers and administrators (collectively "the University"), asserting a federal claim under the Lanham Act, 15 U.S.C. 1125(a), and pendent state claims in tort, contract, and under the state consumer protection statute. He sought to recover damages which he claimed resulted from his failure to pass the comprehensive exams in his Ph.D. program at the University.
 
 
 4
 Four years into the suit, on October 14, 1991, the parties entered into a settlement agreement which satisfied all of Mr. Karara's claims. As part of the agreement Karara stipulated to a dismissal of his action. The action was subsequently dismissed by the district court upon the joint motion of the parties.
 
 
 5
 At the time he entered into the settlement agreement, Mr. Karara had received the opinions of two psychologists, stating that he did not have a claim for mental distress. R. Vol. I tab 45 at 1, 2. Some time later Karara moved to Florida, saw a television show which described post-traumatic stress syndrome, and consulted another psychologist in Florida. He obtained the psychologist's written opinion supporting his claim for damages based on emotional distress. Based on that opinion Karara filed the instant Fed.R.Civ.P. 60(b)(1) motion to vacate the prior dismissal of his action.
 
 
 6
 Mr. Karara argued that he had "committed a material mistake when he honored the opinions of the two Denver psychologists when he signed the Settlement and the Stipulation without including the damages for mental anguish and distress in the settlement amount. Such mistake renders the enforcement of the settlement unconscionable." R. Vol. I tab 45 at 3.
 
 
 7
 The district court denied the motion to vacate in a written order stating:
 
 
 8
 The Order of Dismissal was entered as a result of the settlement agreement. Plaintiff's current motion, on its face, shows that he had access to expert evaluations prior to settlement and dismissal. He now has the opinion of a psychologist who disagrees with those evaluations. This does not justify setting aside the settlement agreement and/or continuing the litigation. If there was a mistake, it was not a mutual mistake; it was a unilateral mistake on plaintiff's part.
 
 
 9
 R. Vol. I tab 48.
 
 II.
 
 10
 "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir.1990); accord Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991), cert. denied, 113 S.Ct. 89 (1992). We review district court decisions concerning Rule 60(b) motions for abuse of discretion. White v. American Airlines, Inc., 915 F.2d 1414, 1425 (10th Cir.1990).
 
 III.
 
 11
 The district court did not abuse its discretion in denying relief under Rule 60(b)(1). Mr. Karara presents no circumstance which would warrant relief for mistake. He filed his amended complaint on Aug. 17, 1987, R. Vol. I tab 1, and entered into the settlement over four years later on Oct. 24, 1991. R. Vol. I tab 42. Four years is more than sufficient time within which to secure the services of experts and seek second opinions, if desired. Mr. Karara's statement that he should not have listened to the two experts he did consult hardly constitutes the kind of mistake contemplated by the Rule. Furthermore, if Karara is implying some sort of inadvertence or excusable neglect in not consulting more experts before settling, the result is the same. "Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)." Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir.1990); Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1446 (10th Cir.1983).[3] Furthermore, as the district court correctly observed, Karara did obtain expert opinions. Finding a third doctor who disagreed with his first two doctors does not establish a mistake, only a disagreement among professionals. His argument does not even approach the kind of mistake contemplated by Rule 60(b)(1).
 
 IV.
 
 12
 Of course, we need not "rigidly compartmentalize" a motion for relief under Rule 60(b) under one subsection of the rule or another; we seek a "compelling reason for relief." Pelican Prod., 893 F.2d at 1146, particularly in light of Mr. Karara's pro se status. Van Skiver, 952 F.2d at 1244 (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, Karara's motion does not satisfy the requirements of any other subparagraph of Rule 60(b) either.
 
 
 13
 As the University correctly points out, Mr. Karara's presentation of a new expert might more properly be classified as a "new evidence" submission under Rule 60(b)(2). We agree with the University that the motion would also fail under that subsection because with diligence such evidence could have been obtained prior to settlement and dismissal of the case. See Graham v. Wyeth Lab., 906 F.2d 1399, 1416 (10th Cir.1990), cert. denied,498 U.S. 981 (1990).
 
 
 14
 Nor does Rule 60(b)(6) apply. Rule 60(b)(6) may be applied in extraordinary situations, if necessary to accomplish justice. See Colorado Interstate Gas Co. v. Natural Gas Pipeline Co., 962 F.2d 1528, 1533 (10th Cir.), cert. denied, 113 S.Ct. 414 (1992); Van Skiver, 952 at 1244 (quoting Pierce v. Cook & Co., 518 F.2d 720, 722 (10th Cir.1975) (en banc), cert. denied, 423 U.S. 1079 (1976)). Mr. Karara has not brought any facts to our attention which would justify the extraordinary equitable relief available under Rule 60(b)(6). Finally, by their own terms, no other subsection of Rule 60(b) can apply.
 
 
 15
 Accordingly, the district court's order denying Mr. Karara's motion to vacate is AFFIRMED.[4]
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Fed.R.Civ.P. 60(b) provides in pertinent part:
 (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken....
 
 
 [3]
 Because of our view that Karara states no claim for mistake cognizable under Rule 60(b)(1), it is unnecessary for us to reach the issue of whether a unilateral mistake under these circumstances warrants Rule 60(b) relief. Nor will we explore the implications of Colorado law, which generally holds that unilateral mistake does not constitute grounds of recision of a contract, see Royal v. Colorado State Personnel Bd., 690 P.2d 253, 255 (Colo.App.1984), cert. dism., 722 P.2d 1020 (Colo.1986) (en banc), when Mr. Karara's lawsuit was composed of mixed federal and state claims
 
 
 [4]
 Appellees have moved for leave to supplement the record with a copy of the settlement agreement between the parties and for an order that the settlement agreement be maintained as a sealed addendum, not part of the public record in this case. Because Karara makes no claim that the settlement agreement assists his case, and our disposition makes the agreement unnecessary to the appellees' case, the motion is DENIED. The clerk is directed to return the sealed copy of the agreement to the appellees