ANDERSON *v.* BOARD OF TRUSTEES OF CARO COMMUNITY HOSPITAL.

1. JUDGMENT—SUMMARY JUDGMENT.

   The purpose of a motion for summary judgment and affidavits connected therewith is to enable the party with a just cause of action to obtain judgment promptly and without the delay and expense of trial, where there is no genuine issue as to any material fact (GCR 1963, 117.2[3]).

2. BREACH OF THE PEACE—HOSPITALS.

   The use of loud, profane, and abusive language by a physician in a hospital where peace and quiet should prevail, and in the presence of others, both patients and staff, is a breach of the peace.

3. HOSPITALS—REGULATIONS—STANDARDS.

   Regulations established by hospitals to regulate the conduct of doctors on their staffs must be capable of objective applica-

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading § 340 *et seq.*
[2] 12 Am Jur 2d, Breach of Peace and Disorderly Conduct §§ 8, 10, 13, 14.
[3, 4] 26 Am Jur, Hospitals § 9,

tion, and standards which allow arbitrary action in removing licensed medical doctors are not acceptable.

4. SAME—STAFF PHYSICIAN—REMOVAL—VIOLATION OF STANDARDS.
   Dismissal of physician from medical staff of hospital for misconduct in violation of previously adopted principles of medical ethics *held,* justified, where it was shown without contradiction that physician repeatedly violated the rule of the hospital requiring a record of the history and physical examination of physician's patients, repeatedly committed breaches of the peace in the hospital by using loud, profane, and abusive language in the presence of others, both patients and staff, and where the hospital had established adequately defined standards of conduct which the physician knowingly violated.

Appeal from Tuscola; Churchill (James P.), J. Submitted Division 2 November 8, 1967, at Lansing. (Docket No. 3,513.)   Decided March 27, 1968.   Leave to appeal denied July 24, 1968.   See 381 Mich 766.

Complaint by Norma E. Anderson against the Board of Trustees of Caro Community Hospital for an injunction to prevent defendant from interfering with plaintiff's practice of medicine and treatment of patients in defendant's hospital.   Summary judgment for defendant.   Plaintiff appeals. Affirmed.

*Howard C. Fisher,* for plaintiff.

*Roland O. Kern,* for defendant.

McGREGOR, J.   Plaintiff is a licensed physician and surgeon, practicing in the village of Caro, Tuscola county, Michigan.   Prior to February 18, 1966, she was a member of the medical staff of the Caro Community Hospital, a public institution located in the village of Caro.

The defendant board of trustees of the Caro Community Hospital is the managing board of the

hospital, which was built by the village of Caro about 1963. Section 10 of Caro village ordinance No 194 created for the government of the hospital a "commission", *i.e.*, a board of trustees.

The plaintiff was a member of the medical staff of the hospital, in 1958 had been placed on probation, and in 1959 had been suspended for a period of time from the staff. In the instant matter, the defendant board ordered the plaintiff to show cause why she should not be dismissed from the medical staff and set a hearing for such order on the evening of February 18, 1966.

In accordance with directions of the defendant board, the hospital administrator wrote a 5-page letter dated January 21, 1966, to the doctor chief of the medical staff of the hospital, citing plaintiff's disturbing conduct, and outlining numerous charges of misconduct and violation of the principles of the medical ethics of the American Medical Association; a copy of this letter was sent to the plaintiff. The complaint charged plaintiff with disorderly conduct in the hospital, with disruptive behavior in a place where calm should reign, and with screaming profanity and vilification at hospital personnel.

Neither the plaintiff nor her attorney appeared at the meeting of the board of trustees on February 18, 1966. This meeting was scheduled to consider an order to show cause, issued upon a written particularized complaint of the hospital administrator on behalf of herself and the board of trustees. The order to show cause was issued only after a meeting of the medical staff was called to consider the complaint. Plaintiff and her attorney were duly notified and were invited to attend the meeting. Plaintiff's attorney claims that his absence was due to bad weather; there was no explanation or evidence as to why the plaintiff did not attend.

The evidence is replete with examples of vilification, screaming, and profanity by the plaintiff, and with examples of the violations by plaintiff of section 4 of the "Principles of Medical Ethics" of the American Medical Association in that plaintiff screamed that she didn't give a "God damn" whether she ever admitted a patient to the hospital again, didn't give a "God damn" about the hospital, that as far as she was concerned the hospital and its personnel could go "to hell"; in that she falsely said a young female hospital attendant was pregnant; in that she told an alcoholic hospital patient that the doctors on the staff did more drinking than the patient ever did and that the nurses had been "boozing it up" in the halls; in that she furtively and surreptitiously looked at the hospital charts of other doctors; in that she quarreled with hospital guests at the room door of two heart patients; in that she shouted while standing at the nurses' station that the hospital was a 2-doctor hospital and that the board and the city were a "bunch of politicians" catering to the 2 doctors; in that she questioned incoming patients not under her care; and in that she falsely accused a nurse of choosing the doctor for patients, claiming acqaintance with the patients, and accusing the nurse of untruth when the nurse asserted that the patients chose the other doctor. Among the violations of rules charged, there was evidence of repeated violations by the plaintiff of a hospital rule requiring a record of the history and physical examination of plaintiff's patients.

At the hearing, on February 18, 1966, the plaintiff was dismissed from the medical staff.

An action was brought by plaintiff in the circuit court, in which it was prayed that the court order the board of trustees of the Caro community hospital to rescind the dismissal of the plaintiff from the medical staff of the hospital.

Counsel stipulated that certain documents should be taken into consideration by the trial judge, among them were "Constitution and By-Laws of the Caro Community Hospital", the "By-Laws and Rules and Regulations of the Medical Staff of Caro Community Hospital", and the "Principles of Medical Ethics", published by the American Medical Association. With respect to these documents, it was stipulated that all of them were regularly adopted by authority and were in force at all times with which this action is concerned.

The "Principles of Medical Ethics" of the American Medical Association, section 4, reads:

"The medical profession should safeguard the public and itself against physicians deficient in moral character or professional competence. Physicians should observe all laws, uphold the dignity and honor of the profession and accept its self-imposed disciplines. They should expose, without hesitation, illegal or unethical conduct of fellow members of the profession."

Plaintiff's motion for summary judgment was denied; defendant's motion for summary judgment was allowed.

It now becomes necessary for this Court to determine whether or not the charges made against the plaintiff are sufficient as a matter of law to permit her expulsion from the medical staff of the defendants' hospital, under the facts and the applicable rules, and whether or not the pleadings support the granting of defendant's motion for summary judgment. The purpose of a motion for summary judgment and affidavits connected therewith is to enable the party with a just cause of action to obtain judgment promptly and without the delay and expense of trial, where there is no genuine issue as to any material issue of fact to try. GCR 1963, 117.2(3).

The trial court, in its opinion granting defendant's motion for summary judgment, found in part that:

"Staff physicians have important rights. Others have important rights, too. When a condition or influence exists which makes it impossible for a hospital to perform its function, the administrative authority has the right, and indeed the duty, to correct the situation. Unless the manner in which the administrative authority performs this duty is unreasonable, arbitrary, or capricious a court may not substitute its judgment for that of the responsible administrative authority. A court is not a super hospital board   *   *   *

"The affidavits attached to defendant's motion for summary judgment are not controverted. Plaintiff did not attend the hearing. There is no allegation of her inability to attend. It therefore appears that there are no genuine issues as to any material facts in this suit, and the dispute may properly be determined on the motions for summary judgment."

The use of loud, profane, and abusive language in a hospital where, of all places, peace and quiet should prevail, and in the presence of others, both patients and staff, is a breach of the peace.

"Now, what is understood by 'a breach of the peace'? By 'peace', as used in the law in this connection, is meant the tranquillity enjoyed by the citizens of a municipality or community where good order reigns among its members. It is the natural right of all persons in political society, and any intentional violation of that right is 'a breach of the peace'. It is the offense of disturbing the public peace, or a violation of public order or public decorum. Actual personal violence is not an essential element in the offense. If it were, communities might be kept in a constant state of turmoil, fear, and anticipated danger from the wicked language and conduct of a guilty party, not only destructive of the peace of the citizens but of public morals, without

the commission of the offense. The good sense and morality of the law forbid such a construction." *Davis* v. *Burgess* (1884), 54 Mich 514, 517; quoted with approval in *People* v. *Kramer* (1923), 225 Mich 35, 38. Also, see *People* v. *Weinberg* (1967), 6 Mich App 345.

As this Court stated in *Milford* v. *People's Community Hospital Authority* (1966), 4 Mich App 142, any regulations established by hospitals to regulate the conduct of doctors on their staffs must be capable of objective application. Standards which allow arbitrary action by hospital authorities in removing duly licensed medical doctors are not acceptable.* *Albert* v. *Gogebic County Public Hospital Board of Trustees* (1954), 341 Mich 344. In the instant case, it has been satisfactorily shown that adequately defined standards of conduct were established and that the plaintiff knowingly violated such standards. The uncontroverted evidence clearly supports the trial judge's determination. The entry of the summary judgment was not an abuse of discretion.

Affirmed. Costs to appellee.

T. G. KAVANAGH, P. J., and FITZGERALD, J., concurred.

---

* The *Milford Case* was affirmed by the Supreme Court, 380 Mich 49, 61–63.