Leroy M. **EVEN**, Plaintiff-Appellant,

v.

**LONGMONT UNITED HOSPITAL ASSOCIATION, a Colorado Corporation,** Defendant-Appellee.

No. 79CA0454.

Colorado Court of Appeals,
Div. II.

May 7, 1981.

Tallmadge, Tallmadge, Wallace & Hahn, P.C., David J. Hahn, Donald F. D'Antuono, Denver, for plaintiff-appellant.

Hansen & Breit, P.C., John L. Breit, William H. ReMine, III, Denver, for defendant-appellee.

VAN CISE, Judge.

Plaintiff, Dr. Leroy M. Even, appeals a summary judgment dismissing his action against defendant, Longmont United Hospital Association, arising out of his October 1974 suspension from the active medical staff of the hospital. We affirm.

The hospital association is a non-profit corporation. Its management is vested solely in its three officers and its nine person board of directors, who are elected by its members. No governmental entity or agency exercises any management or control in its internal affairs. It has received grants of public funds including a Hill-Burton grant and a loan guaranty subsidy to finance construction of new hospital facilities, but it has not received any direct governmental funding for its operation. Therefore, it is a private and not a public hospital. *See Ward v. St. Anthony Hospital*, 476 F.2d 671 (10th Cir. 1973); *Shulman v. Washington Hospital Center*, 222 F.Supp. 59 (D.D.C.1963).

Dr. Even, a certified anesthesiologist, applied for and was accepted for admission as a member of the active medical staff of the hospital in December 1972. The termination of his staff privileges came as a result of a series of events starting in 1973 occurring in and around the surgical operating room of the hospital.

On October 19, 1974, the hospital board conducted a hearing that lasted all day and into the evening. Opening statements were made by both sides. Eleven witnesses including two doctors (the chief of staff and the chief of surgery) testified in support of the charges, and ten witnesses, including Dr. Even and seven other doctors, were called by Dr. Even. All witnesses were fully cross-examined. Closing arguments were specifically waived.

On October 21, the board issued its findings:

"That the testimony heard by the Board established that the charges made by the Credentials Committee of unprofessional conduct by Leroy M. Even, M.D., are true and that such unprofessional conduct consisted of strong hostility, an uncontrolled temper and actions which intimidated personnel of the hospital working with him in the operating and recovery rooms of the hospital to such a degree as to disrupt the normal functioning of the operating and recovery rooms of the hospital with real and potential danger to the care of patients in the hospital.

"That there is evidence that the conduct of Leroy M. Even may be based upon physical or emotional problems which could respond to medical treatment."

His staff privileges were terminated, with the proviso that if evidence should be subsequently presented that the condition leading to these findings had been corrected, a reapplication on his part would be considered.

In November 1974, Dr. Even commenced this action, seeking C.R.C.P. 106(a)(4) review and reversal of the decision of the board of directors of the hospital association. He also sought damages for breach of contract of "employment or professional opportunity," and, in his amended complaint, asked for compensatory and exemplary damages for defamation. The trial court entered summary judgment of dismissal of all claims.

I.

In his first claim, Dr. Even asked for C.R.C.P. 106(a)(4) review of the proceedings whereby his staff privileges were suspended, and for an order of reinstatement. He claimed the hospital board acted in violation of his rights to due process of law and, therefore, exceeded its jurisdiction and abused its discretion.

The hospital maintained that, even if constitutional due process standards were to be applied in this matter (which it contends are not applicable here), it complied with them. We agree.

Under the circumstances of this case, where Dr. Even, although given the opportunity, did not ask for a hearing before the medical staff or the joint conference committee, and where he received 33 days advance notice of and participated fully in an evidentiary hearing before the board, the medical staff and hospital association by-laws were substantially complied with and he was afforded procedural due process of law. *Klinge v. Lutheran Charities Association*, 523 F.2d 56 (8th Cir. 1975); *Koelling v. Board of Trustees of Mary Frances Skiff Memorial Hospital*, 259 Iowa 1185, 146 N.W.2d 284 (1966).

Further, although Dr. Evens's technical competence as an anesthesiologist was not challenged, the standard of "unprofessional conduct" utilized here was sufficiently objective to guard against arbitrary and unreasonable application. And, applying this standard to include disruptive personal and professional relationships with other operating room personnel, as was done here, was not unreasonable. *Huffaker v. Bailey*, 273 Or. 273, 540 P.2d 1398 (1975); *Anderson v. Board of Trustees of Caro Community Hospital*, 10 Mich.App. 348, 159 N.W.2d 347 (1968). The findings of the board were supported by competent evidence, and are binding on review. *Board of County Commissioners v. Simmons*, 177 Colo. 347, 494 P.2d 85 (1972).

Also, we concur with the hospital's contention that, as a private hospital, its denial of medical staff privileges is a matter solely within the discretion of its managing authorities and is not a proper subject of certiorari review. C.R.C.P. 106(a)(4) is limited to review of actions of "an inferior tribunal (whether court, board, commission or officer)." A private hospital board is not a public agency, *Ward v. St. Anthony Hospital, supra,* and, therefore, is not an "inferior tribunal" within the scope of C.R. C.P. 106(a)(4). *Cf. Park Hospital District v. District Court*, 192 Colo. 69, 555 P.2d 984 (1976), involving a public hospital.

The trial court properly dismissed the first claim.

### II.

At the time of his appointment, Dr. Even agreed in writing "to abide by the by-laws, rules and regulations of the medical staff," to do his "share of the staff work necessary to maintain good hospital standards," and to conduct his hospital practice "in a manner consistent with both the professional and ethical standards" of the medical profession. In his second claim, Dr. Even alleged that this constituted a contract and that he was entitled to damages for its breach by the hospital. In dismissing this claim, the trial court stated, and we agree:

"Assuming, *arguendo*, that there was a contract between the plaintiff and the defendant, the plaintiff breached his contract, thereby relieving the defendant of any contractual duties it may have had. The alleged procedural irregularities, if any, committed by the defendant clearly do not constitute material breaches of the contract."

### III.

His original third claim was for a stay of the order of suspension until the determination of the first two claims, based on the alleged injury to his reputation because of the suspension and the absence of any "plain, adequate or speedy remedy at law for the injury." In the amended claim, plaintiff asked for compensatory and exemplary damages caused by the suspension and the allegedly defamatory statement of charges. This was a new claim and not, as the doctor contends, merely an amended prayer for relief.

A claim based on libel accrues when the defamatory statement is published. *Spears Free Clinic & Hospital for Poor Children v. Maier*, 128 Colo. 263, 261 P.2d 489 (1953). All actions for libel must be commenced within one year after the cause of action accrues. Section 13–80–102, C.R. S.1973. The doctrine of relation back in C.R.C.P. 15(c) does not permit a party to maintain a claim for libel filed after the statute of limitations has run. *Walker v. Associated Press*, 160 Colo. 361, 417 P.2d 486 (1966).

The plaintiff was aware of the defendant's allegedly libelous statement of charges in 1974. Since his amended complaint was filed more than one year later, his libel claim is barred by the statute of limitations. *Cf. Adams v. Leidholdt*, 38 Colo.App. 463, 563 P.2d 15 (1977). Therefore, this claim was properly dismissed.

Judgment affirmed.

PIERCE and KELLY, JJ., concur.