Michael Paul **CONRAD**, Plaintiff,

v.

**THE EDUCATION RESOURCES INSTITUTE**, a Massachusetts corporation; and **Key Bank, N.A.,** f/k/a Society Bank, f/k/a Ameritrust National Association, an Ohio corporation, Defendants.

Civil Action No. 08–cv–01393–WYD–KMT.

United States District Court, D. Colorado.

Aug. 13, 2009.

Alexis L. Shapiro, Goodwin Procter, LLP, Boston, MA, for The Education Resources Institute.

Carolyn J. Fairless, Jessica Goneau Simbalenko, Wheeler Trigg O'Donnell, LLP, Denver, CO, Courtney Q. Brooks, W. Scott O'Connell, Nixon Peabody, LLP, Manchester, NH, for Defendants.

## ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

WILEY Y. DANIEL, Chief Judge.

### I. *INTRODUCTION*

This matter is before the Court on Defendant KeyBank National Association's Motion to Dismiss Plaintiff's Complaint (Doc. # 18 filed November 24, 2008) [hereinafter referred to as "KeyBank's Motion to Dismiss"]. This motion was referred to Magistrate Judge Tafoya for a recommendation by Order of Reference dated July 18, 2008, and Memorandum of November 24, 2008.

Magistrate Judge Tafoya issued a Recommendation on June 30, 2009, which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), Fed.R.Civ.P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Tafoya recommends therein that KeyBank's Motion to Dismiss be granted. (Recommendation at 1183.) On July 23, 2009, Plaintiff filed a timely Objection after having been granted an extension of time to file same. A response to the Objection was filed on July 30, 2009. Plaintiff's Objection necessitates a de novo determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is

dispositive. Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1).

## II. *BACKGROUND*

As noted in the Recommendation, this case involves claims for violations of the Colorado Fair Debt Collection Practices Act as well as common law claims of fraud, negligent misrepresentation, abuse of process, defamation, intentional infliction of emotional distress, intentional interference with contractual obligations, breach of contract, malicious prosecution, and conversion. (Recommendation at 1178.) Plaintiff is proceeding *pro se*. The claims relate to student loans that Plaintiff obtained in the amounts of $13,500 and $3,500 respectively for which Plaintiff executed Promissory Notes in favor of Ameritrust Company National Association (succeeded in interest by KeyBank). (*Id.* at 1175.)

The Recommendation outlines the history of this case, including efforts to attempt to collect the amounts due from Plaintiff under the loans by The Education Resources Institute ("TERI"). TERI purchased the loans from KeyBank in August 1993, apparently under the terms of a guarantee agreement. A Stipulation was allegedly entered into in December 1998 between Plaintiff and TERI regarding the student loans and court costs. Beginning in May 2000, Plaintiff asserts that he attempted to consolidate his student loans and that TERI's attorney did not send financial records necessary for the consolidation.

Plaintiff alleges ethical violations by TERI's attorney that appear to have nothing to do with KeyBank. Plaintiff further alleges his alleged discoveries of "fraud in the Stipulation" regarding the balance initially represented to be owed by the Plaintiff under the Stipulation. Plaintiff also details the history of the judgment entered against him by TERI for his default on the Stipulation, the garnishment of his bank accounts by Defendants, alleged ethical violations related to the garnishments, and "bank/lending fraud".

Defendant TERI was served on October 3, 2008 (Doc. No. 10). On April 10, 2009, TERI filed a Suggestion of Bankruptcy pursuant to 11 U.S.C. § 101 and in accordance with 11 U.S.C. § 4. (Recommendation at 1179–80.) The case against TERI was stayed by Order filed July 30, 2009 pursuant to title 11 of the United States Code, 11 U.S.C. § 101 et. seq., and in accordance with 11 U.S.C. § 362, the automatic stay provision.

Defendant KeyBank moves to dismiss Plaintiff's Complaint on the bases that (1) Plaintiff does not assert any claims against KeyBank; (2) Plaintiff fails to specifically assert claims against Defendants in a manner sufficient to provide KeyBank fair notice of Plaintiff's claims; (3) the Complaint fails to plead fraud with particularity; (4) the Colorado Fair Debt Collection Practices Act does not apply to original lenders such as KeyBank; and (5) Plaintiff's claims are barred by the statute of limitations. (Recommendation at 1180.) As noted above, Magistrate Judge Tafoya finds that the motion should be granted.

More specifically, Magistrate Judge Tafoya first finds that the Complaint should be dismissed against KeyBank for Plaintiff's failure to comply with Fed.R.Civ.P. 8(a). (Recommendation at 1181.) She notes that Plaintiff references KeyBank and its predecessors Ameritrust National Association and Society Bank (also referred to as the "original lender") seven times in his sixty-five-page Complaint. (*Id.* at 1182.) She finds these allegations to be "insufficient under Rule 8(a) as they are, at the very least, unspecific." (*Id.*) "Plaintiff has failed to explain what Key-Bank did to him; when KeyBank did it; how KeyBank did it; how the KeyBank's action harmed him; and, what specific le-

gal right the plaintiff believes KeyBank violated." (*Id.*) In other words, she finds that Plaintiff failed to plead facts which would allow the court to draw the reasonable inference that KeyBank is liable for the misconduct alleged. (*Id.* at 1182.) Accordingly, Magistrate Judge Tafoya concludes that Plaintiff's claims against Key-Bank are properly dismissed for failure to state a claim upon which relief can be granted. (*Id.*)

Magistrate Judge Tafoya also finds that Plaintiff's fraud claims do not specifically identify any defendants who may have committed fraud sufficient to satisfy Rule 9. (Recommendation at 1183.) "Plaintiff's conclusory allegations that "Defendant" or "Defendants" committed fraud is insufficient." (*Id.*) Accordingly, the Recommendation concludes that Counts 1 through 3 and 47 asserted as claims for fraud are properly dismissed for failure to state a claim upon which relief can be granted. (*Id.*)

Finally, Magistrate Judge Tafoya finds that all the claims in the case are barred by the statute of limitations. Specifically, she finds as to the claims under the Colorado Fair Debt Collection Practices Act ["CFDCPA"] that Plaintiff fails to allege any conduct related to these claims that took place later than September 2002. (Recommendation at 1183–84.) Accordingly, she finds that Plaintiff's CFDCPA claims, which are governed by a one year statute of limitations, are barred by the statute of limitations. (*Id.* at 1183–84.)

As to the fraud claims, which are governed by a three year statute of limitations, Magistrate Judge Tafoya finds that these claims should be dismissed because Plaintiff did not alleged any fraudulent conduct that took place beyond January 6, 2003, the date he admits he discovered the alleged fraud. (Recommendation at 1184–86.)She further finds that Plaintiff's equitable tolling argument should be rejected because "Plaintiff has alleged no wrongful conduct committed by any defendant which may have prevented him from timely filing his fraud claims against them." (*Id.* at 1184.)

Similar findings were made as to the tort and contract claims, governed by a two and three year statute of limitations, respectively. (Recommendation at 1184–86.)Magistrate Judge Tafoya finds that these claims accrued at the very latest in January or June 2003 and are thus time barred. (*Id.* at 1185–86.) As to the defamation/libel claim, governed by a one year statute of limitations, the Recommendation finds that the claim expired at the latest in August 2002 and is also time barred. (*Id.* at 1186.) Finally, the Recommendation finds that because all of the underlying claims for damages are barred by the Colorado statutes of limitations, Plaintiff's outrageous conduct and exemplary damages claim are barred as well. (*Id.* at 1187.)

"Plaintiff's Responsive Objection to Magistrate Tafoya's Recommendation" [hereinafter "Objection"] was filed on July 23, 2009. As to the statute of limitations, Plaintiff appears to address only the fraud claim. Accordingly, he has waived his right to seek de novo review of the other claims that Magistrate Judge Tafoya found were barred. As to those claims, I find no error in connection with the findings in the Recommendation and affirm the dismissal of those claims on the grounds that they are barred by the statute of limitations.

As to the fraud claim, Plaintiff argues that to the extent the Recommendation states that Plaintiff knew of the fraud in January 2003, "any knowledge was not absolute." (Objection at 1.) He states that after he discovered the "Montana State/Washington University" notations in January 2003, which the Recommendation found commenced the running of the stat-

ute of limitations, it took time for Plaintiff to investigate the fraud and build a proper case. (*Id.* at 2.) He further asserts, among other things, that he was overly diligent and prudent in attempting to resolve this matter without the need for litigation, that there was concealment and non-disclosure of the truth, that the wrongs by Defendants continued through April 2009 when information requested by Plaintiff was finally disclosed, and that KeyBank was given fair notice as early as May 2005 of lending fraud. (Objection at. 3–5, 11.)

I find that these arguments do not toll the statute of limitations or provide a basis to overturn the findings in the Recommendation. As Magistrate Judge Tafoya noted, Plaintiff has not and cannot dispute the fact that he alleges in the Complaint that he discovered the alleged fraud in the stipulation no later than at a hearing on January 6, 2003. (Comp. at 4, 26–30, 33.) He further alleges that upon discovery of that fraud, he initiated a formal complaint with the United States Attorney's office in Denver in July 2003. (*Id.* at 32.) From these allegations it is clear that Plaintiff knew in early 2003 of both the injury and its cause, and knew the facts essential to the cause of action. *See Skyland Metropolitan Dist. v. Mountain West Enterprise, LLC,* 184 P.3d 106, 127 (Colo.Ct.App.2007); *Winkler v. Rocky Mountain Conference of the United Methodist Church,* 923 P.2d 152, 158 (Colo.Ct.App.1995). Indeed, he had sufficient information in 2003 to file a complaint. Accordingly, the cause of action for fraud began to accrue in January 2003 (or at the very latest in July 2003 when he filed a complaint with the United States Attorney's office) and was barred in 2006, well before this action was filed.

Further, Plaintiff has still not shown that equitable tolling applies. That is because he has still not shown any specific facts which would demonstrate that Defendants somehow prevented him from timely filing his claims. *See Redmond v. Chains, Inc.,* 996 P.2d 759 (Colo.Ct.App.2000) (statute of limitations may be tolled when there is a showing of active deception on defendant's part); *Noel v. Hoover,* 12 P.3d 328, 330 (Colo.Ct.App.2000) (equitable tolling applies where the defendant's wrongful conduct prevented plaintiff from asserting the claims in a timely manner); *Chasteen v. UNISIA JECS Corp.,* 216 F.3d 1212, 1220 (10th Cir.2000) (same). It is the plaintiff's burden to establish that the defendant's actions prevented him from filing a timely claim. *Sandoval v. Archdiocese of Denver,* 8 P.3d 598 (Colo.Ct.App.2000). While Plaintiff alleges that Defendants did not timely disclose information that he requested, he has not shown any prejudice as a result or how the Defendant's actions prevented him from filing his claim.

Further, even if the fraud and other claims were not barred by the statute of limitations, I still find that dismissal of the claims would be appropriate. Plaintiff has failed to refute Magistrate Judge Tafoya's findings that Plaintiff failed to plead fraud with particularity as required by Fed. R.Civ.P. 9, in that the allegations of the Complaint do not specifically identify any defendants who may have committed fraud sufficient to satisfy Rule 9. (*See* Recommendation at 1183.) Further, I find that despite Plaintiff's arguments to the contrary in the Objection, Plaintiff has still not satisfied the requirements of Fed. R.Civ.P. 8 in connection with KeyBank.

On that issue, Plaintiff asserts that his Complaint alleges that "Defendant KeyBank knew that the conditional promissory notes had not been used as loan instruments and that Defendant TERI (and those hired by TERI) assisted in furthering the fraud alleged in the complaint." (Objection at 8–9.) He further asserts that the Complaint "uses the collective term 'Defendants' to apply to any and all

parties hired by the Defendants, together with the acts and statements of all parties based on joint and several liability in a conspiratorial context." (*Id.* at 9.) Plaintiff also argues that the Complaint alleges lending fraud, and that KeyBank "fits the role of the 'lender' and therefore, every averment of the Complaint, from beginning to end, reverts back to the original cause of action—lending fraud and to the alleged lender, KeyBank." (*Id.* at 11.) Finally, he states that the acts and statements of TERI and others, in whole or in part, should all be attributed to the original cover up of the lending fraud begun by KeyBank. (*Id.*)

Although I have considered Plaintiff's arguments, my analysis of the Rule 8 issue must look to the allegations of the Complaint, not to arguments made by Plaintiff in his Objections that seek to bolster the Complaint. Plaintiff has still not shown that the Complaint explains what KeyBank did. to him, when KeyBank did it, how KeyBank did it, how the actions of Key-Bank harmed him, and what specific legal right Plaintiff believes KeyBank violated, as required by the Tenth Circuit. *See Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir.2007). His allegations against KeyBank are conclusory, and do not provide the detail required to give KeyBank fair notice of the claims against it. Accordingly, I also overrule Plaintiff's objections as to this issue.

As to other objections, Plaintiff notes certain alleged factual mistakes in the Recommendation (Obj. at 9–11), but does not state how such alleged mistakes impact the Recommendation to grant KeyBank's Motion to Dismiss. Further, Plaintiff refers to the fact that the discovery deadline was recently extended for the parties "to file newly discovered information" (Objection at 1). However, this deadline expired on July 13, 2009, and Plaintiff did not identify any discovery that is pertinent to KeyBank

and/or the Recommendation. Finally, I have considered all other arguments in the Objection and find no basis to overrule the Objection. The objections do not properly address and/or remedy the flaws in the Complaint identified in the Recommendation.

Accordingly, for the reasons stated above, it is

ORDERED that Plaintiff's Objections to Magistrate Judge Tafoya's Recommendation (Doc. # 49) are **OVERRULED.** It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge filed June 30, 2009 (Doc. # 45), is **AFFIRMED AND ADOPTED.** In accordance therewith, it is

ORDERED that Defendant KeyBank National Association's Motion to Dismiss Plaintiff's Complaint (Doc. # 18) is **GRANTED** and the case is **DISMISSED WITH PREJUDICE** in its entirety, including claims against The Education Resources, Institute, Inc. which were previously stayed.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

KATHLEEN M. TAFOYA, United States Magistrate Judge.

This case involves claims for violations of the Colorado Fair Debt Collection Practices Act (Colo.Rev.Stat. § 12–14–101) and well as common law claims of fraud, negligent misrepresentation, abuse of process, defamation, intentional infliction of emotional distress, intentional interference with contractual obligations, breach of contract, malicious prosecution, and conversion. This matter is before the court on "Defendant KeyBank National Association's Motion to Dismiss Plaintiff's Complaint" (Doc. No. 18, filed November 24, 2008).

## STATEMENT OF THE CASE

The following facts are taken from Plaintiff's Complaint and the parties' submissions with respect to this Recommendation. Between August 1988 and May 1991, Plaintiff attended Whittier College School of Law in Los Angeles, California. (Compl. and Req. for Trial by Jury, ¶ 13 [hereinafter "Compl."].) Plaintiff states he obtained student loans in August of 1990 and March of 1991 in the amounts of $13,500 and $3,500 respectively and executed Promissory Notes in favor of Ameritrust Company National Association (succeeded in interest by KeyBank). (*Id.* at ¶¶ 5–6; Exs. 4A and 4B.) Plaintiff asserts he attempted to pay his loans or to make arrangements for deferment or forbearance on his loans, but on August 11, 1993, he was notified by mail that The Education Resources Institute ("TERI") "had 'defaulted' Plaintiff's loans." (*See id.*, ¶¶ 19–52.) On or about August 10, 1993, and on or about August 17, 1993, TERI purchased from KeyBank the loan accounts at issue in this action, apparently under the terms of a guarantee agreement. (*Id.* ¶ 77; Exs. 6 and 14A.) TERI continued to attempt to collect the amounts due from Plaintiff for his student loan obligations. (*See id.*, ¶¶ 79–84.) Plaintiff states that between January 1994 and "on or about 1997," he had no contact with TERI. (*Id.* at 12; ¶ 85.) In October 1997, Plaintiff was sued by TERI for defaulting on his student loan obligations. (*Id.*, ¶ 85; Ex. 1.) On December 22, 1998, Plaintiff and TERI entered into a Stipulation regarding Plaintiff's payment of the principal and interest on the student loans, as well as court costs. (*Id.*, ¶ 97; Ex. 17.)

Plaintiff asserts that beginning in May 2000, he attempted to consolidate his student loans and contacted TERI's attorney to obtain financial records necessary for the consolidation. (*See id.*, ¶¶ 102–10.) Plaintiff alleges TERI's attorney agreed to send the information, but failed to do so.

(*Id.*, ¶¶ 111–25.) Plaintiff alleges ethical violations by TERI's attorney that appear to have nothing to do with Defendant KeyBank. (*See id.*, ¶¶ 126–43.) Plaintiff details alleged contact that occurred between January 2001 and April 2001 with TERI to receive his financial records. (*See id.*, ¶¶ 144–51.) Plaintiff then details contact by TERI and Van Ru Credit Corporation regarding consolidation of his student loans, payments allegedly made by Plaintiff to Van Ru Credit Corporation, and efforts by TERI to have judgment entered against him on the student loans. (*See id.*, ¶¶ 152–208.)

Plaintiff next gives an incomprehensible history of his alleged discovery of "fraud in the Stipulation." (*See id.*, ¶ 209–18.) The alleged fraud apparently relates to the balance initially represented to be owed by the Plaintiff under the Stipulation and the amount Plaintiff believes he really owed. (*See id.*, ¶¶ 209–10.) Plaintiff does not give a date he discovered the alleged fraud, but it apparently occurred at some point around July 10, 2001, at which time Defendant TERI's counsel sent Plaintiff's financial information as requested by Plaintiff. (*See id.*, Ex. 40.) Plaintiff goes on to detail another incomprehensible history of the judgment entered against him for his default on the Stipulation between September 19, 2002, and January 6, 2003 (*see id.*, ¶¶ 219–28), at which time Plaintiff alleges he discovered another "fraud in the Stipulation" (*see id.*, ¶¶ 229–34). Plaintiff claims that on March 2003, the defendants garnished his bank accounts and alleges ethical violations by the defendants related to the garnishments. (*Id.*, ¶ 235–42.)

Finally, Plaintiff asserts that on January 6, 2003, he discovered "bank/lending fraud" by the defendants. (*See id.*, ¶¶ 243–7 1.) In July 2003, Plaintiff filed a formal complaint with the United States Attorney's Office in Denver, Colorado.

(*Id.,* ¶ 260; Ex. 59.) He also forwarded a copy of the complaint to the Office of the Inspector General, who advised Plaintiff they had no jurisdiction to pursue the claim on his behalf. (*Id.,* ¶¶ 261–62.) Plaintiff pursued his complaints with the Federal Bureau of Investigation, the Colorado State Attorney General, the Federal Trade Commission, and the Denver District Attorney's Office. (*Id.,* ¶ 263–64.) Plaintiff asserts that, following the investigations, the "undefended financial records indicate that 'Montana State University and Washington University' were the true recipients of the alleged loans and that Plaintiff was knowingly and wrongfully sued, threatened and defamed … in a … manner that was only discovered on January 6, 2003 and conclusively decided in May 2005." (*Id.,* ¶ 271.)

Defendant KeyBank moves to dismiss Plaintiff's Complaint on the bases that (1) Plaintiff does not assert any claims against KeyBank; (2) Plaintiff fails to specifically assert claims against the defendants in a manner sufficient to provide KeyBank fair notice of the plaintiff's claims; (3) Plaintiff's Complaint fails to plead fraud with particularity; (4) the Colorado Fair Debt Collection Practices Act ("CFDCPA") does not apply to original lenders such as KeyBank; and (5) Plaintiff's claims are barred by the statute of limitations. (Def. KeyBank National Association's Mot. to Dismiss Pl.'s Compl. [hereinafter "Mot."] [filed November 24, 2008].)

**PROCEDURAL HISTORY**

Plaintiff filed his Complaint on July 2, 2008. (Compl.) Defendant KeyBank filed its motion on November 24, 2008. (Mot.) Plaintiff filed his response on December 9, 2008. (Pl.'s Resp. to Def. Key Bank's Mot. to Dismiss Pl.'s Compl. [hereinafter "Resp."].) Defendant KeyBank filed its reply on November 24, 2008. (Def. Key-Bank National Association's Reply Mem. of Law in Further Supp. of Mot. to Dismiss Pl.'s Compl. [hereinafter "Reply"].) This motion is ripe for review and recommendation.[1]

**STANDARD OF REVIEW**

*1. Pro Se Plaintiff*

■ Plaintiff is proceeding *pro se.* The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States,* 472 F.3d 1242, 1243 (10th Cir.2007) (citations omitted). *See also Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983). *See also Whitney v. New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir.1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins,* 927 F.2d 1156, 1159 (10th Cir.1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* sta-

---

1. It appears Defendant TERI was properly served on October 7, 2008 (Doc. No. 10) and filed a Suggestion of Bankruptcy pursuant to 11 U.S.C. § 101 and in accordance with 11 U.S.C. § 362, on April 10, 2009 (Doc. No. 36). This case is stayed as to Defendant TERI.

tus does not entitle him to application of different rules. *See Montoya v. Chao,* 296 F.3d 952, 957 (10th Cir.2002).

## 2. *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R.Civ.P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1201 (10th Cir.2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id.* at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. If the allegations state a plausible

claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

Notwithstanding, the court "need not accept conclusory allegations without supporting factual averments." *Southern Disposal, Inc. v. Texas Waste,* 161 F.3d 1259, 1262 (10th Cir.1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal,* 129 S.Ct. at 1949 (citation omitted).

## ANALYSIS

### 1. *No Cause of Action Alleged Against Defendant KeyBank*

Defendant KeyBank moves for dismissal of Plaintiff's Complaint because Plaintiff has not adequately alleged any cause of action against it. The court agrees with the defendant that the Complaint should be dismissed for Plaintiff's failure to comply with Fed.R.Civ.P. 8(a). Rule 8(a) states that "[a] pleading that states a claim for relief must contain: ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint may be dismissed pursuant to Fed. R.Civ.P. 12(b)(6) if it does not contain a short and plain statement and there appears to be no set of facts upon which relief may be granted. *Monument Build-*

*ers of Greater Kan. City, Inc. v. Am. Cemetery Ass'n,* 891 F.2d 1473, 1480 (10th Cir. 1989). To satisfy the requirements of Rule 8,

> a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.... [T]hese are, very basically put, the elements that enable the legal system to get weaving—permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.

*Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir.2007).

■ In his lengthy and meandering sixty-five-page Complaint, Plaintiff references Defendant KeyBank and its predecessors Ameritrust National Association and Society Bank (also referred to as the "original lender") seven times. (*See* Compl. at 1, ¶ 1 [asserting proper diversity jurisdiction in this Court]; 3, ¶ 2a [regarding Boulder County District Attorney's attempt to obtain information and mediate dispute, KeyBank's May 23, 2005 response, and alleged discovery of fraudulent nature of student loans]; 5, ¶ 5 [fact statement regarding loans disbursed by KeyBank]; 7, ¶ 20 [fact statement that Plaintiff never received contact from "original lender"]; 9, ¶ 45 [fact statement that no records exist regarding loan payments allegedly received by TERI and KeyBank]; 32, ¶ 268˙ [regarding May 23, 2005 letter sent to Boulder County District Attorney's Office from KeyBank].) These statements are insufficient under Rule 8(a) as they are, at the very least, unspecific. *See Doyle v. Cella,* No. 07–cv–01126–WDM–KMT, 2008 WL 4490111, at *6 (D.Colo. Sept. 30, 2008). Plaintiff has failed to explain what KeyBank did to him; when KeyBank did it; how KeyBank did it; how the KeyBank's

action harmed him; and, what specific legal right the plaintiff believes KeyBank violated. *Nasious,* 492 F.3d at 1163.

Additionally, Plaintiff's Counts 10 and 14 through 19 assert allegations against Van Ru Credit Corporation, which is not a defendant in this action. Counts 20 through 28, 30 through 33, 35, and 37 through 39 assert allegations against Defendant TERI only. Counts 29, 34, and 36 assert allegations against TERI and Van Rue Credit Corporation only. Plaintiff has failed to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 129 S.Ct. at 1949. Plaintiff has completely failed to plead facts which would allow "the court to draw the reasonable inference that [Defendant KeyBank] is liable for the misconduct alleged." *Id.* In fact, Plaintiff has failed to make *any* allegations against Defendant KeyBank or its predecessors in *any* of his forty-nine claims for relief. Accordingly, Plaintiff's claims against Defendant KeyBank are properly dismissed for failure to state a claim upon which relief can be granted.

**2. *Failure to Plead Fraud with Particularity***

■ Defendant also moves for Plaintiff's Counts 1 through 4 and 47 for Plaintiff's failure to meet the heightened fraud pleading standard set forth in Fed.R.Civ.P. 9(b). Rule 9(b) requires that " 'in all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity.' " *Allen v. United Properties and Const., Inc.,* No. 07–cv–00214–LTB–CBS, 2008 WL 4080035, at *13 (D.Colo. Sept. 3, 2008) (quoting *Jurgens v. Abraham,* 616 F.Supp. 1381, 1386 (D.Mass. 1985)). "Compliance with Rule 9(b) provides a defendant with fair notice of the plaintiff's claims and the factual grounds upon which they are based." *Id.* (citing

*United States v. Cheng,* 184 F.R.D. 399, 401 (D.N.M.1998)). " 'Simply stated, a complaint must "set forth the time, place and contents of the false representation, the *identity of the party making the false statements* and the consequences thereof." ' " *Id.* (emphasis added) (quoting *Schwartz v. Celestial Seasonings, Inc.,* 124 F.3d 1246, 1252 (10th Cir.1997)).

██ The notes that Counts 1 through 3 and 47 clearly are fraud claims. However, Claim 3 is a claim for negligent misrepresentation. The theory of liability for negligent misrepresentation is one of negligence, rather than of intent to mislead. *See Bloskas v. Murray,* 646 P.2d 907, 914 (Colo.1982). Thus, a claim for negligent misrepresentation should not be governed by the pleading standard set forth in Rule 9(b). *City of Raton v. Arkansas River Power Auth.,* 600 F.Supp.2d 1130, 1143 (D.N.M.2008). *But see Van Leeuwan v. Nuzzi,* 810 F.Supp. 1120, 1123–24 (D.Colo. 1993) (dismissing negligent misrepresentation claim on the merits but finding in dicta that negligent misrepresentation claim must be pled with particularity).

██ Plaintiff's fraud claims do not specifically identify any defendants who may have committed fraud sufficient to satisfy Rule 9. *Id.* Plaintiff's conclusory allegations that "Defendant" or "Defendants" committed fraud is insufficient. *Iqbal* at 1949–51. Accordingly, Plaintiff's Counts 1 through 3 and 47 asserted as claims for fraud are properly dismissed for failure to state a claim upon which relief can be granted.

### 3. *Statute of Limitations*

Finally, Defendants argue the Complaint should be dismissed because all causes of action are barred by the applicable statutes of limitations. Because jurisdiction in this case is premised upon diversity of citizenship, this court applies the rule of *Erie Railroad Co. v. Tompkins,* 304

U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and looks to Colorado law to resolve whether claims are barred by the statute of limitations. *See Guaranty Trust Co. v. York,* 326 U.S. 99, 110, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) (holding that statutes of limitations are considered substantive matters for purposes of the *Erie* doctrine).

### A. *CFDCPA Claims*

██ The CFDCPA requires an action to be brought "within one year from the date on which [a] violation occurs." Colo.Rev. Stat. § 12–14–113(4). Plaintiff's Counts 14 through 43 are asserted under the CFDCPA. In Claims 14, 15, 16, and 22, Plaintiff references a telephone call made to him by Van Ru on June 26, 2001. (Compl., ¶ 431, 438, 440, 463.) In Count 17, Plaintiff references another telephone call from Van Ru made on October 17, 2001. (*Id.,* ¶ 442.) In Count 20, Plaintiff states that Defendant TERI violated the rules of ethics in December 2000. (*Id.,* ¶ 452.) In Count 22, Plaintiff alleges that an unspecified defendant sent him a letter dated April 6, 2000, "attempting to falsely show and prove that the Plaintiff was not complying with the terms of the Stipulation." (*Id.,* ¶ 463.) Count 23 references alleged conduct by Defendant TERI from June 2000 through June 2001. (*Id.,* ¶¶ 467–474.) Counts 24 through 29, 31, 32, and 34 allege additional conduct by Defendant TERI in June and July 2001. (*Id.,* ¶¶ 476–500, 504–06, 518.) In Count 35, Plaintiff alleges action taken by Defendant TERI in September 2002. (*Id.,* ¶ 521.) In Count 39, Plaintiff states that Defendant TERI contacted him in January 1993 regarding his student loans and defaulted his student loans on August 1, 1993. (*Id.,* ¶¶ 534, 536.) Plaintiff's Counts 40, 41, and 43 also reference contact between an unspecified defendant and the Plaintiff in 1993. (*Id.,* ¶¶ 538, 540, 544.)

Plaintiff fails to allege any conduct related to the alleged CFDCPA that took place later than September 2002. Accordingly, Plaintiff was required to file any claims under the CFDCPA no later than September 2003. *See* Colo.Rev.Stat. § 12–14–113(4); *Cross v. Receivables Mgmt. Solutions, Inc.*, No. 04–cv–01493–MSK–PAC, 2006 WL 446083, at *2 (D.Colo. Feb. 21, 2006). Plaintiff's CFDCPA claims are barred by the statute of limitations and must be dismissed.

### B. Fraud Claims

Colorado's three-year statute of limitations for fraud, misrepresentation, concealment, and deceit, Colo.Rev.Stat. § 13–80–101(1)(c), governs such claims. *Full Draw Productions v. Easton Sports, Inc.*, 85 F.Supp.2d 1001, 1010 (D.Colo. 2000). Such a cause of action accrues as of the date the fraud "is discovered or should have been discovered by the exercise of reasonable diligence." Colo.Rev.Stat. § 13–80–108(3). In Count 1, Plaintiff alleges fraudulent conduct by an unspecified defendant in August 2001. (Compl., ¶¶ 283, 288.) In Count 3, Plaintiff alleges he "discovered, in September 2002 and pursuant to Defendant's second Notice to Take Judgment, that Defendant committed another fraud ... by creating a 'new' principal lump sum without notice or knowledge of Plaintiff." (*Id.*, ¶¶ 209–18, 305.) Plaintiff alleges that on January 6, 2003, he discovered "bank/lending fraud" by the defendants. (*See id.*, ¶¶ 243–71.) Plaintiff also alleges he discovered another "fraud in the Stipulation" on January 6, 2003. (*See id.*, ¶¶ 229–34.) Plaintiff has not alleged any fraudulent conduct that took place beyond January 6, 2003, the date he admits he discovered the alleged fraud, and, as such, any claims related to the alleged fraud should have been filed no later than January 2006. Colo.Rev.Stat. § 13–80–101(1)(c); *Morgan v. Dain Bosworth*, 545 F.Supp. 953, 955 (D.Colo.1982).

Plaintiff appears to argue that the statute of limitations should be tolled because the defendant "concealed" the existence of the causes of action. (*See* Resp. at 16.) The Colorado Supreme Court has adopted the doctrine of equitable tolling of the statute of limitations "where the defendant's wrongful conduct prevented the plaintiff from asserting his [or her] claims in a timely manner." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096 (Colo.1996). However, Plaintiff clearly states in his complaint that he discovered the alleged fraud, *at the very latest*, on January 6, 2003. (Compl. at 229–34.) Plaintiff has alleged no wrongful conduct committed by any defendant which may have prevented him from timely filing his fraud claims against them. Because "[t]he principle underlying equitable tolling [for wrongful concealment] is that a person should not be permitted to benefit from his or her own wrongdoing," Plaintiff's failure to file his fraud claims against the defendants within the limitations period cannot be saved under the doctrine of equitable tolling. *Dean Witter Reynolds, Inc.*, 911 P.2d at 1096–97. Therefore, his fraud claims are barred by the statute of limitations and should be dismissed.

### C. Tort Claims

A two year statute of limitations applies to tort actions. Colo.Rev.Stat. § 13–80–102(1)(a). Plaintiff asserts tort claims in his Counts 4, 5, 6, 7, and 46. Count 4 relates to allegedly "false and misleading" information used to prepare the Stipulation entered into in 1998. (Compl., ¶ 97, 317.) Counts 5 and 6 relate to an alleged fraudulent "Notice to Take Judgment against Plaintiff on or about July 10, 2001." (*Id.*, ¶ 334, 341.) Count 7 relates to an unspecified defendant's filing of a Rule 69 motion for judgment on his student loan debt. (*Id.*, ¶¶ 349–361.) In Count 46, Plaintiff alleg-

es that unspecified defendants "unlawfully and wrongfully exercise[d] dominion and control over payments made under the terms of the Stipulation, over money garnished from Plaintiff's bank account and paychecks." (*Id.*, ¶ 555.)

Plaintiff states he did not receive the first Notice to Take Judgment in a timely manner (*id.*, ¶ 341) and states that the "abuse of legal process" caused him to "unnecessarily respond to the false representations in the filing and suffer the embarrassment, humiliation and time to respond to this filing" (*id.*, ¶ 348). Plaintiff asserts he "inadvertently discovered the Rule 69 filing" in August 2001. (*Id.*, ¶ 353.) In Plaintiff's factual summary, he states he "filed his responsive motion to prevent the Court from entering Judgment against Plaintiff." (*Id.*, ¶ 203.) Defendant TERI then filed a second Notice to Take Judgment on September 19, 2002. (*Id.*, ¶ 219.) This motion was set for hearing on January 6, 2003, the date Plaintiff states he discovered the alleged "fraud in the Stipulation." (*Id.*, ¶¶ 2298–34.) Accordingly, this court finds Plaintiff's tort claims 4, 5, 6, 7 accrued, at the very latest, on January 6, 2003. As such, Plaintiff should have filed these tort claims no later than January 2005. As these tort claims are barred by the statute of limitations, they should be dismissed.

In addition, Plaintiff, in Count 46, alleges a claim for conversion that an unspecified defendant garnished his bank accounts in March 2003. (*Id.*, ¶ 235.) On June 6, 2003, the Boulder County District Judge entered an order denying Conrad's motion for preliminary injunction regarding his garnished bank accounts. (*Id.*, ¶ 242; Ex. 55.) Therefore, Plaintiff knew or reasonably ought to have known that the action accrued earlier than June 6, 2003. *See generally Michaelson v. Michaelson*, 923 P.2d 237, 242 (Colo.App.1995)(finding the trial court properly dismissed a civil theft

claim "since the record supports the trial court's findings and conclusions that the plaintiff did not bring her action within two years of when she knew or reasonably ought to have known that the action accrued"), *rev'd on other grounds*, 939 P.2d 835. As Plaintiff's conversion claim also is barred by the statute of limitation, it must be dismissed.

### D. Contract Claims

■ A three-year limitations period applies to contract actions. Colo.Rev.Stat. § 13–80–101(1)(a). Colorado's general discovery rule provides that claims accrue when a plaintiff knows or should know through reasonable diligence of both the injury and its cause. *Micale v. Bank One N.A.*, 382 F.Supp.2d 1207, 1225 (D.Colo. 2005) (citing *Morrison v. Goff*, 91 P.3d 1050, 1058 (Colo.2004)). "A claim for relief does not accrue until the plaintiff knows, or should know, in the exercise of reasonable diligence, all material facts essential to show the elements of that cause of action." *Id.* (citing *Miller v. Armstrong World Indus., Inc.*, 817 P.2d 111 (Colo. 1991)). Plaintiff asserts contract claims in Counts 10 through 13. Count 10 relates to alleged "interference with contractual obligations" related to the Stipulation in June and July 2001. (Compl., ¶¶ 383–86.) In Count 11, Plaintiff alleges breach of contract, again related to the Stipulation. (*See id.*) Count 12 is an anticipatory breach of contract claim related to defendants' alleged intent to nullify the Stipulation. (*Id.*, ¶¶ 404–423.) Count 13 is a claim that the Stipulation is invalid because there was no "meeting of the minds of the parties[s] as it concerns an essential term—'principal sum.'" (*Id.*, ¶¶ 425–29.) Again, these claims all relate to Plaintiff's alleged discovery of "fraud in the Stipulation" in January of 2003. (*Id.*, ¶¶ 229–34, 271.) Therefore, as Plaintiff's contract claims accrued no later than January 2003,

Plaintiff must have filed them no later than January 2006. Accordingly, Plaintiff's contract claims are barred by the statute of limitations and should be dismissed.

### E. Malicious Prosecution Claim

 A two year statute of limitations applies to a malicious prosecution tort action. Colo.Rev.Stat. § 13–80–102(1)(a). The purpose of an action for malicious prosecution is to compensate a person sued in a malicious and baseless legal action for attorney fees, costs, "psychic damage" from shock of unfounded allegations in pleadings, and loss of reputation. *Walford v. Blinder, Robinson & Co.*, 793 P.2d 620 (Colo.App.1990). The requirement of a favorable resolution of the prior action applies to civil as well as criminal proceedings. *Hewitt v. Rice*, 119 P.3d 541, 544 (Colo.App.2004). In Colorado, a claim for malicious prosecution does not accrue until the underlying proceeding is resolved in the plaintiff's favor. *Vaughn v. Krehbiel*, 367 F.Supp.2d 1305, 1312 (D.Colo.2005) (citing *Allen v. City of Aurora*, 892 P.2d 333, 335 (Colo.App.1994)). Plaintiff's malicious prosecution charge relates to the alleged wrongful filing of the original 1998 debt collection case in Boulder County District Court. (Compl., ¶ 551.) Assuming, for the purposes of determining the date the statute of limitations accrues only, that Plaintiff received a "favorable resolution" when the Boulder County District Court "overturned" the ruling to garnish Plaintiff's bank accounts (*see id.*, ¶¶ 240–242, 271(g)(xiv)), this occurred on June 6, 2003. (*Id.*, ¶ 242; Ex. 55.) Therefore, Plaintiff's malicious prosecution claim accrued on June 6, 2003, and he would have had to file his malicious prosecution claim no later than June 2005. Therefore, Plaintiff's malicious prosecution claim is barred by the statute of limitations and should be dismissed.

### F. Defamation/Libel Claim

 A one-year one-year statute of limitation applies to Plaintiff's defamation/libel claim. Colo.Rev.Stat. § 13–80–103(1)(a). Plaintiff alleges in Count 8 that Defendant TERI "made its intentions clear regarding destruction of Plaintiff's reputation when, on or about January 14, 1994...." (Compl., ¶ 371.) Plaintiff also asserts that Defendant TERI intended to harm his reputation with the filing of the 1998 suit in Boulder County District Court and the Rule 69 motion. (*Id.*, ¶ 373.) Plaintiff asserts he "inadvertently discovered the Rule 69 filing" in August 2001. (*Id.*, ¶ 353.) Plaintiff was required to bring any claim for libel or defamation within one year of the publication of a challenged statement. *Sieverding v. Colorado Bar Ass'n*, No. 02–M0001950–OES, 2003 WL 22400218, at *24 (D.Colo. Oct. 14, 2003) (citing *Russell v. McMillen*, 685 P.2d 255, 258 (Colo.App.1984) (holding that a cause of action in libel "accrues when the defamatory statements are published"); *Even v. Longmont United Hosp. Ass'n*, 629 P.2d 1100, 1103 (Colo.App.1981) (same)). Accordingly, Plaintiff's right to bring a claim for defamation against the defendants expired, at the latest, in August 2002, well before he filed his complaint in this case. As Plaintiff's defamation claim is barred by Colorado's statute of limitations, it is properly dismissed.

### G. Extreme and Outrageous Conduct and Exemplary Damages Claims

 Outrageous conduct is an independent tort which, if proved, entitles the plaintiff to compensatory damages. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988). In an action for breach of contract, exemplary damages are not available. *Mortgage Finance, Inc. v. Podleski*, 742 P.2d 900 (Colo.1987). A claim for punitive damages is not a separate and distinct cause of action; rather, it is auxil-

iary to an underlying claim for actual damages. *Palmer v. A.H. Robins Co., Inc.,* 684 P.2d 187, 213 (Colo.1984.) Therefore, as this court has found that all of Plaintiff's underlying claims for damages are barred by the applicable Colorado statutes of limitations, Plaintiff's outrageous conduct and exemplary damages claims are barred as well.

## H. Claims Involving Multiple Theories

■■■ In those instances in which a claim may be pursued on two theories having different limitations on actions, the longer limitation applies. *Winkler v. Rocky Mountain Conference of United Methodist Church,* 923 P.2d 152, 161 (Colo. App.1995) (citing *Jones v. Cox,* 828 P.2d 218 (Colo.1992)). Accordingly, to the extent Plaintiff may argue his claims are asserted under fraud or contract theories, the longer three-year statute of limitations applies, and all of Plaintiff's claims would still be barred by the Colorado statute of limitations.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendant Key-Bank National Association's Motion to Dismiss Plaintiff's Complaint" (Doc. No. 18) be GRANTED, and that the Plaintiff's claims against Defendant KeyBank be dismissed in their entirety, with prejudice.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); *In re Griego,* 64 F.3d 580, 583 (10th Cir.1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma,* 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers,* 195 F.3d 573, 579–80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property,* 73 F.3d at 1059–60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.,* 52 F.3d 901, 904 (10th Cir.1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States,* 980 F.2d 1342, 1352 (10th Cir.1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales–Fernandez v. INS,* 418 F.3d 1116, 1122 (10th Cir.2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 30th day of June, 2009.